| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gary Harre<br>CA No. 86398<br>1940 W. Orangewood Ave, Ste 110<br>Orange, CA 92868<br>Tel (562) 200-4701<br>Email: mnapaul1@gmail.com<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtor Thuan X. Nguyen and Tammy H. Nguyen | **FILED**<br>**OCT - 5 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:  Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>  THUAN X. NGUYEN<br>  TAMMY H. NGUYEN<br><br>                                                   Debtor(s). | CHAPTER: 7<br>CASE NO.: 8:10-BK-21730 RK<br>DATE: 10/19/10<br>TIME: 10:30 AM<br>CTRM: 5D<br>FLOOR: 5th |
|---|---|

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
### (MOVANT: DEUTSCH BANK NATIONAL TRUST COMPANY)
### (RESPONDENT: ☒ Debtor ☐ Trustee ☐ Other: _____)

**GENERAL NOTE:** *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   **NOTE:** *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify)*:

*(Continued on next page)*

January 2009

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RES**

| Response to Motion for Relief from Stay - *Page 2 of* ____ | **F 4001-1M.RES** |
|---|---|
| In re (SHORT TITLE)<br>NGUYEN ET.AL.                          Debtor(s). | CHAPTER: 7<br>CASE NO.: 8:10-BK-21730 |

3. ☒ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☐ The value of the Property is $_____, based upon (*specify*):

   ☐ Total amount of debt (loans) on the Property is $_____.

   ☐ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☐ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Declaration containing Respondent's evidence.

   ☐ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion:    ☐ Not all parties were served    ☐ Insufficient notice of the hearing

   ☐ Incorrect address used for (*specify*) _____

   ☐ Other (*specify*):

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.
   ☐ All postpetition arrears will be cured by the hearing date.
   ☐ The Debtor has equity in the Property in the amount of $_____.
   ☐ Movant has an equity cushion of $_____ which is sufficient to provide adequate protection.
   ☐ The Property is necessary for an effective reorganization because (*specify reasons why*):

   ☒ The Motion should be denied because (*specify*):
   Movant lack standing to bring this motion based on evidence provided.

(Continued on next page)

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      **F 4001-1M.RES**

Response to Motion for Relief from Stay - Page 3 of ____    **F 4001-1M.RES**

| In re NGUYEN ET.AL. (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 8:10-BK-21730 |

4.  **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> **NOTE RE SUPPORTING PAPERS:** Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.

> **NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:** Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

☐ Declaration by Debtor            ☐ Declaration by Debtor's Attorney
☐ Declaration by Trustee           ☐ Declaration by Trustee's Attorney
☐ Declaration by Appraiser         ☒ Memorandum of Points and Authorities (optional)
☐ Other (specify):

Dated: 10/5/10

Respectfully submitted,

Thuan H. Nguyen and Tammy H. Nguyen
*Respondent's Name*

Gary Harre and Associates
*Law Firm Name (if applicable)*

By: _____
     *Signature*

Name: Gary Harre
      *Attorney for Respondent or Pro Se Respondent*

Response to Motion for Relief from Stay - *Page 4 of* ____  **F 4001-1M.RES**

| In re NGUYEN ET.AL. | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 8:10-BK-21730 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1940 W. Orangewood Ave, Ste 110
Orange, CA 92868

A true and correct copy of the foregoing document described as RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
Chamber Courtesy Copy.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Gerald S. Kim - CDCAECF@BDFGROUP.COM
U.S. Trustee (Santa Ana): ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Judge: Robert Kwan, U.S. Bankruptcy Court, 411 W.4th Street, Santa Ana, CA 92701-4593
Trustee - Court: Thomas Casey, 22342 Avenida Empresa, Ste 260, Rancho Santa Margarita, CA 92688
Parties in Interest: Citi Mortgage Attn: Managing or Servicing Agent, PO Box 769004, San Antonio, TX 78245

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/5/10 | Judy Pham | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009  **F 4001-1M.RES**

GARY HARRE, CBN# 86938
1940 W. ORANGEWOOD AVE, STE 110
ORANGE, CA 92868
TELEPHONE: (562) 200-4701
EMAIL: MNAPAUL1@GMAIL.COM

Attorney for Debtor
THUAN X. NGUYEN AND TAMMY H. NGUYEN

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>THUAN X. NGUYEN<br>TAMMY H. NGUYEN | Case No. 8:07-BK-21730-RK<br><br>CHAPTER 7<br><br>MEMORANDUM OF POINT AND AUTHORITY IN RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362. |

Debtors Thuan X. Nguyen and Tammy H. Nguyen (hereinafter "DEBTORS" or "NGUYEN"), by and through their undersigned counsel, submits this Memorandum of points and authorities in response to Motion for Relief from the Automatic Stay brought by Deutsch Bank National Trust Company, As Trustee of the Residential Asset Securitization Trust 2006-A1, Mortgage Pass-through Certificates, Series 2006-A under the pooling and servicing agreement dated February 1, 2006 its assigns and/or successors in interest (hereinafter "DEUTSCH BANK").

Debtors contend that Movant has no standing and its motion must be denied.

//

//

# SUMMARY

Debtors executed a promissory note payable to PHH Home Loans, LLC dba First Capital. The security interest is in the form of Deed of Trust and it named PHH Home Loans, LLC dba First Capital as the beneficiary of the Deed of Trust. Nothing in the record shows the current owner of the promissory note or its chain of title.

A number of documents were filed in the Orange County Recorder's Office relating to the Deed of Trust. No documents were filed relating to the promissory note, which Debtors have not seen since it was executed. Of the various documents filed in the recorder's office, including the Deed of Trust, one purportedly assigned to MERS as nominee for Indymac Bank, F.S.B. a Federally Chartered Saving Bank (Movant's Exhibit 3). Such assignment of Deed of Trust was not executed by the beneficiary but by unknown person from Correspondent Funding Specialist, who was a stranger to the transaction. Furthermore, such conveyance of deed of trust raised serious issue of fraud because it stated as followed:

"**ACCOMMODATION**

**This document delivered to recorder as an accommodation only at the express request of the parties here to. It has not been examined as to its effect or validity.**"

Subsequently, an individual known as Chamagne Williams, Assistant Vice President of Mortgage Electronic Registration Systems, Inc. as Nominee for Indymac Bank, F.S.B executed an assignment of Deed of Trust on 12/07/2009 purportedly assigned to Deutsch Bank. (Movant Exhibit 3). This is the same individual purportedly acted as an authorized representative of loan servicer Onewest Bank, FSB.

//

//

//

# ARGUMENTS

## I. STANDING

Stay-relief requests are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";) The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)).

Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. (Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of real party in interest.")

//
//
//

### a. THE PROMISSORY NOTE EVIDENCES THE REAL PARTY IN INTEREST, AND THAT PARTY IS NOT DEUTSCHE BANK.

Transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor.). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalided as a fraudulent conveyance (under California Civil Code section 3440), and a transfer in pledge could be invalidated as an unperfected (under Comm. Code 9313-9314). (California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26). One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose ab initio. (Watkins v. Bryant (1891) 91 C 492, 27 P 77).

The Note is not a bearer instrument, but is an instrument payable to a specifically identified person. California Comm. Code section 3109 states:

(a) A promise or order is payable to bearer if it is any of the following:

(1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.

(2) Does not state a payee.

(3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b) A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.

(c) An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to subdivision (a) of Section 3205. An

instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.

A promissory note that is payable to a specifically identified person is not transferred merely by possession; instead, transfer requires that it be endorsed. California Com. Code 3201 states:

(a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

An endorsement is not made by purchasing a note, or by purchasing a debt, or by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed. California Com. Code section 3204 states:

(a) "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b) "Endorser" means a person who makes an endorsement.

(c) For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.

(d) If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring an action in court to specifically enforce the right to an endorsement. Then, once that is done, the creditor can enforce the note against its maker. California Com. Code section 3203 states:

(a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(c) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.

(d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this division and has only the rights of a partial assignee.

The promissory note in this case was made payable to PHH Home Loans, LLC dba First Capital (*See* Movant Exhibit 2). No record document suggests that it has been endorsed to Deutsch Bank or any other named entity. The deed of trust states that PHH Home Loans, LLC dba First Capital is the beneficiary of it. No record document suggests that PHH Home Loans, LLC transferred its beneficial interest in the Deed of Trust; however, record documents do suggest that the deed of trust was fraudulently transferred to MERS, a nominee for Indymac Bank, F.S.B by an unrelated entity, Correspondent Funding Specialist.

### b. MERS HELD NO ENFORCEABLE BEEFICIAL INTEREST AND COULD NOT PASS ANY SUCH INTEREST TO DEUTSCH BANK.

Deutsch Bank's interest – if any - flow from MERS' interest as purported nominee for Indymac Bank, F.S.B. Deutsch Bank ignores the obvious fraudulent conveyance of deed of trust made by an unrelated entity, Correspondent Funding Specialist.

Therefore, if Deutsch Bank is going to demonstrate an equitable assignment of the note, it must show that Correspondent Funding Specialist, an unrelated party, had right to the unendorsed Note which it could assign to MERS, a nominee for Indymac Bank, F.S.B. The terms and provision of the mortgage expressly refute the notion that Correspondent Funding Specialist owned or held the note or acting as a nominee for PHH Home Loans, LLC.

Since the Note was NOT endorsed to Deutsche Bank, Deutsche Bank did not take the Note pursuant to negotiation under the UCC. That left Deutsche Bank with taking whatever rights MERS had by the Assignment of Mortgage from MERS to Deutsche Bank; which is nothing resulting from fraudulent conveyance of deed of trust.

In Carpenter v. Logan, 83 U.S. 271, 274, the U.S. Supreme Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

An obligation can exist with or without security. With no security, the obligation is unsecured but still valid. A security interest, however, cannot exist without an underlying existing obligation. (Hensley v. Hotaling (1871) 41 C. 22; Turner v. Gosden (1932) 121 Cal.App. 20; Lee v. Joseph (1968) 267 Cal.App.2d 30). It is impossible to define security apart from its relationship to the promise or obligation it secures. (Civil Code §§ 2872, 2909, 2920; California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, 4th Edition, § 1.11). The obligation and the security are commonly drafted as separate documents – typically a promissory note and a deed of trust. If the creditor transfers the note but not the deed of trust, the transferee receives a secured note; the security follows the note, legally if not physically. (Civil Code § 2936; Seidell v. Tuxedo Land Co. (1932) 216 C. 165. Lewis v. Booth (1935) 3 C.2d 345) (endorsement of note transferred deed of trust). If the transferee is given the deed of trust without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement. (Kelley v. Upshaw (1952) 39 C.2d 179; Polhemus v. Trainer (1866) 30 C. 685).

Consequently, when one transferee receives the note and another receives the deed of trust, the one holding the note prevails, regardless of who first received a transfer. Adler v. Sargent (1895) 109 C.42. (California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, 4th Edition, section 1.25).

- 8 -
MEMORANDUM OF POINT AND AUTHORITY IN RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362.

"Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000).

In this case, MERS received fraudulent conveyance of deed of trust from Correspondent Funding Specialist, who was a stranger to the transaction. MERS received nothing from such assignment and therefore, having nothing to assign to Deutsche Bank. Furthermore, the Note as submitted by Movant does not suggest that Movant is the assignee of such Note.

## CONCLUSION

Debtors do not contend that they didn't obtain a mortgage loan from PHH Home Loans, LLC. However, Debtors contend that the real party interest has not come forward and the creditor lacks standing. Therefore, Debtors prays this Court to deny Motion for Relief from the Automatic Stay brought by Deutsche Bank National Trust Company.

Respectfully Submitted;

_____
GARY HARRE
Attorney for Debtors