**GLOBAL CAPITAL LAW, PC**
Gary Harre, Esq. (86398)
Diane Beall, Esq. (86877)
Barry Fagan, Esq. (160104)
8700 Warner Ave., Ste 200
Fountain Valley, Ca 92708
Phone  (714) 907-4182
Fax      (714) 907-4175
Email: ghcmecf@Gmail.Com

ATTORNEY FOR DEBTOR,
    THUAN X. NGUYEN & TAMMY H. NGUYEN

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THUAN X. NGUYEN<br>TAMMY H. NGUYEN<br><br>Debtors | Case No. 8:09-bk-21730-RK<br><br>**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY CITIMORTGAGE, INC., SUCCESSOR BY MERGER WITH ABN AMRO MORTGAGE GROUP, INC.; MEMORANDUM IN SUPPORT OF OPPOSITION.**<br><br>[FILED CONCURRENTLY WITH MOTION FOR SANCTION UNDER RULE 9011]<br><br>DATE: FEB. 15, 2011<br>TIME:  10:30 AM<br>DEPT:  5D<br><br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

Debtors Thuan X. Nguyen and Tammy H. Nguyen, by and through his counsels, submit this Memorandum in Support of their opposition to CITIMORTGAGE, INC., SUCCESSOR BY MERGER WITH ABN AMRO MORTGAGE GROUP, INC. ("CITIMORTGAGE" or "Movant") motion for relief from the automatic stay on real property located at 1149 S. Arapaho Dr., Santa Ana, CA 92704.

## SUMMARY

CitiMortgage, through its counsel Pite Duncan, LLP, brought this Motion for Relief from the Automatic Stay under 11 USC §362. Movant asserts in the Motion that it has legal standing as beneficiary under the Deed of Trust which secured the promissory note[1]. Furthermore, under the penalty of perjury, Eric Rose, a Bankruptcy Specialist of CitiMortgage, Inc. stated that "<u>CitiMortgage's records reflect that CitiMortgage, Inc., successor by merger with ABN AMRO Mortgage Group, Inc. holds possession of the original note</u>.

Assertions made by CitiMortgage and its counsel, Pite Duncan are false and is fraud upon this Court. In fact, records from Freddie Mac indicated that they are the owner of this mortgage; not CitiMortgage.

This is not the only time Pite Duncan committed fraud upon the Court by bringing this type of Motion for Relief from Automatic Stay by asserting false claim as to ownership of mortgage. Such action must stop as these cases along with many others are being brought to the attention of the California Attorney General Office for criminal prosecution.

## DEBTOR'S MORTGAGE

On or about 01/13/2006, Debtor executed a Promissory Note payable to ABN AMRO Mortgage Group, Inc. (hereinafter "ANB") and a Deed of Trust (the "DOT") securing such Promissory Note. Subsequently, CitiMortgage became servicer of such mortgage.

According to record available from Freddie Mac, it is the owner of the mortgage in question, NOT CitiMortgage. A true and correct print out of information available at https://ww3.freddiemac.com/corporate/ is attached herewith as Exhibit "A". A creditor may file a motion for relief from automatic stay. However, courts must confirm that a real party in interest actually has standing and will benefit from the court granting relief from an automatic stay before the Court

---

[1] *See* Real Property Declaration, F4001-1M.RP, Section 7.

can do so. A motion for relief from automatic stay is a powerful tool that includes written statement setting forth a creditor's claim. The Motion is made pursuant to Local Bankruptcy Rules and the Movant must submit Declaration(s) under penalty of perjury, to provide admissible evidence in support of the Relief from stay Motion.

Here, the Declaration and evidence under penalty of perjury are false on its face. Action taken by CitiMortgage and its counsel Pite Duncan are blatant fraud committed upon the Court in this case and many others with the hope that a default judgment can be obtained.

## ARGUMENT

### *CITIMORTGAGE DOES NOT HAVE STANDING*
### *TO REQUEST RELIEF FROM STAY*

The copy promissory notes included in Movant's exhibits was made payable to ABN. No recorded document or endorsement suggesting that it has been endorsed to CitiMortgage. Despite certificate of merger filed as Exhibit 3, no endorsement of interest in the promissory note by ABN to CitiMortgage. According to Freddie Mac records available publically, CitiMortgage is not the owner of this mortgage. Such fraud is so common today because servicers are in rush to foreclose before the true beneficial owner stepping forward laying claim to their interest.

Stay-relief requests are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";) The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that

it is likely to be redressed by a favorable decision. (<u>Valley Forge Christian Coll. v. Am. United for Separation of Church and State</u>, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (<u>Warth v. Seldin</u>, 422 U.S. 490, 499, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (<u>Dunmore v. United States</u>, 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of real party in interest.")

Transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor.). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalided as a fraudulent conveyance (under California <u>Civil Code</u> § 3440), and a transfer in pledge could be invalidated as an unperfected (under Com.Code §§ 9313-9314). (<u>California Mortgages and Deed of Trust, and Foreclosure Litigation</u>, by Roger Bernhardt, Fourth Edition, section 1.26). One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose ***ab initio***. (<u>Watkins v. Bryant</u> (1891) 91 C 492, 27 P 77).

Here, the Note was executed in favor of ABN. There is no evidence that ABN transferred its beneficial interest in this promissory note to CitiMortgage beside the mortgage servicing right. Furthermore, evidence clearly indicates that Freddie Mac has interest in the subject NOTE; Not CitiMortgage.

<u>In re Mullins,</u> 125 B.R. 808, 811(Bankr. E.D. Cal. 1990), the court held that a photocopy of a loan agreement which bore the original signature of the debtor was a duplicate, and not the original document, and was therefore inadmissible to prove

the debtor's lack of equity, even though there existed no "original" document signed by the debtor. Creditors filing Motions for Relief from Stay must attach either the original or a copy of the writing. In this case, the promissory note was made payable to ABN. Evidence as produced by CitiMortgage did not indicate that the promissory note has been endorsed to CitiMortgage or any other named entity. In fact, Freddie Mac claims beneficial interest in Debtor's mortgage by way of endorsement of the Note to it. Therefore, the copy of promissory note as produced by CitiMortgage could not be a copy of original.

The Note is not a bearer instrument, but is an instrument payable to a specifically identified person. California Com. Code section 3109 states:

> (a)    A promise or order is payable to bearer if it is any of the following:
> (1)    States that is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.
> (2)    Does not state a payee.
> (3)    States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.
>
> (b)    A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.
>
> (c)    An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to subdivision (a) of Section 3205. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.

A promissory note that is payable to a specifically indentified person is not transferred merely by possession; instead, transfer requires that it be endorsed. California Com.Code 3201 states:

(a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to a bearer, it may be negotiated by transfer of possession alone.

An endorsement is not made by purchasing a note, or by purchasing a debt, or by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed. California Com. Code section 3204 states:

(a) "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b) "Endorser" means a person who makes an endorsement.

(c) For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.

(d) If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring action in court to specifically

enforce the right to an endorsement. Then, once that is done, the creditor can enforce the note against its maker.

California Com. Code section 3203 states:

(a)    An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b)    Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(c)    Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.

(d)    If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this division and has only the rights of a partial assignee.

In similar context with Stay-relief requests, which are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";)    In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/13/2009)(at page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the deed of trust. It is not a beneficiary and, in any event, the mere fact that an entity is a named beneficiary of a deed of trust is insufficient to enforce the obligation." In In re Maisel, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay

because it did not have an interest in the property at the time it filed its motion for relief. 378 B.R. 19, 22 (2007).

"Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2](2000).

In re Walker, Case No. 10-21656-LBR (Bankr.E.D. Cal. 7/8/2010) Citibank filed its proof of claim as servicer. The Court found that "Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee. Bear v. Golden Plan of California, Inc., 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the note could be invalidated as a fraudulent conveyance, Cal. Civ. Code §3440, or as unperfected, Cal. Com. Code §§ 9913-9214. Further, several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose upon the property secured by the deed."

In re Fawn Ridge Partners, LP, BAP No. CC-09-1396 (Bankr.C.D. Cal. 3/29/2010), the Court denied motion for relief from stay brought by BAC Home Loans Servicing, LP as servicer based on standing. The Court states that "The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under the Constitution's Article III. Id. at 498-99; Pershing Park Villas, 219 F.3d at 899; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)." … "Mere possession of the Note does not make BAC a "holder" of the Note. Under California law, to qualify as a holder, one must be in possession of the instrument, and the instrument must be properly endorsed. Cal. Comm. Code ("CComC") § 1201(21); In

re Hwang, 396 B.R. at 762. Although the payee of an instrument may negotiate it, the payee must endorse it as well as deliver it to another person, who then can become its holder. CComC § 3201, 1201(21)(A). There is no evidence in the record that Countrywide indorsed the Note and transferred it to BAC (or to Bank of America). Thus, mere possession of the Note and Deed of Trust does not provide BAC with standing."

Similar in this case, even CitiMortgage is in possession of the Note and the Deed of Trust, it does not necessarily have legal standing as discussed in In re Fawn Ridge Partners, LP. A party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v. American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).

If CitiMortgage is actually a secured creditor, it must provide direct proof that they are the real party in interest. It is not uncommon in the bankruptcy context to see Motions from Relief from Stay being brought by servicer such as CitiMortgage with false declaration asserting standing. Debtor contends that CitiMortgage is not a "party in interest" since there is conflicting claim by Freddie Mac.

## COMPETANCY OF WITNESS

Attached to Movant's Motion was a declaration under penalty of perjury of Eric Rose, who represented to the Court that he is a Bankruptcy ??? of CitiMortgage. In his declaration he states that he has knowledge of the loan and the exhibits used in Movant's motion. Mr. Rose fails to state whether he actually reviewed the documents or authenticated their validity. Before a witness may testify, it must be shown that he or she is competent.

FEDERAL RULES OF CIVIL PROCEDURE and the FEDERAL RULES OF EVIDENCE (hereinafter F.R.C.P. and F.R.E.) provide the following: F.R.E. 601 and 602 states that a witness is not competent to testify regarding a matter unless it can be shown through evidence that he or she has personal knowledge of the matter. Whether a witness has the requisite personal knowledge to testify is a matter for

determination by the trial judge under F.R.E. 104. Evidence is inadmissible under rule 602, if the Court determines that the witness could not have actually perceived or observed that which he testified to. <u>Hallquist v. local 276,</u> 843 F. 2d 18,24 (1st Cir. 1988); <u>M.B.A.F.B Fed. Credit Union v. Cumis Ins. Society, Inc.</u> 681 F. 2d 930,932 (4th Cir.1982)

AUTHENTICATION OF DOCUMENTS

F.R.E. 901 (a) provides: The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. In the instant case, Declarant Rose could not possibly have personal knowledge as to what ABN did with the Note or who it may have been previously endorsed to and therefore her testimony and the documents that he would swear to shall all be considered inadmissible.

ARGUMENT IS NOT EVIDENCE

Many matters come before the bankruptcy court by way of Motion, however pursuant to F.R.C.P 43 made applicable in bankruptcy cases by F.R.B.P. 9017, such motions and their attached exhibits are not evidence. Documents are not admitted as evidence simply by filing them with a pleading. <u>In re Holly's Inc</u>, 190 B.R. 297, 301 (Bankr. W.D. Mich. 1995). The documents attached to a brief were not properly admitted into evidence and could not be considered by the Court. Again, Rule 602 requires a competent witness to authenticate the documents being attached to the Motion. However, absent an agreement with the other parties, or a pretrial order, presentation of an affidavit by a witness without the presence of a witness for cross examination may not overcome an objection based upon hearsay. <u>See In re Roberts,</u> 210 B.R. 325,329 (Bankr. N.D. Iowa 1997). Movant's Motion herein cannot overcome the requirements of F.R.E 601 and 901 (a) and all of their attached exhibits must be considered inadmissible.

## BEST EVIDENCE RULE

F.R.E. 1002 and 1004 provides that to prove the content of writing, the original is required. Movant is hereby put on notice that all originals in the possession of opponent will be the subject of strict proof, and if Movant does not produce the original, all duplicates shall be considered inadmissible. In re Mullins 125 B.R. 808,811 (Bankr. E.D. Cal. 1990), the Court held that a photocopy of a faxed loan agreement which bore the original signature of the debtor was a duplicate, and not the original document, and was inadmissible to prove the debtor's lack of equity, even though there existed no "original" document signed by the debtor. F.R.E. 1003 provides that duplicates can be admissible unless there is a question of authenticity and or under the circumstance it would be unfair to admit the duplicate in lieu of the original. Given the debtors serious questions as to conflicting claim of beneficial interest in Debtor's mortgage, debtor hereby objects to Movant's submission of duplicates.

## **CONCLUSION**

CitiMortagage has not demonstrated that any of their documents support their claim or that it has standing to even enforce the Promissory Note. Debtor contends that the real party in interest has not come forward as evidence by Freddie Mac's claim of beneficial interest. Given that the Creditor has failed with their burden of proof, Movant's motion for relief from stay should be denied.

DATED: 02/10/2011                             Respectfully Submitted;

                                                                          _____
                                                                          Gary Harre, Esq.
                                                                          Diane Beall Esq.
                                                                          Barry S. Fagan Esq.
                                                                          Attorneys for Debtor

524425344                        Dyrlglqj Iruhforvxuh OKrz wr Jhw Khos ý

Go straight to content.

- Home   |
- Terms and Conditions   |
- Privacy Policy



Freddie Mac
How to Get Help with Your Mortgage

# Does Freddie Mac Own Your Mortgage?

To understand the options available for getting help with your mortgage – including the federal Making Home Affordable program – it is important for you to know who owns your loan.

Using the secured look-up tool below, you can quickly find out if Freddie Mac owns your loan. **Please enter your information carefully** – a spelling error or other small mistake could cause an inaccurate result. Abbreviations, typos, or including the "Street Type" in the "Street Name" field can also lead to inaccurate results.

## Self-Service Lookup

* Indicates required fields

| | |
|---|---|
| First Name * | thuan |
| Last Name * | nguyen |
| House Number * | 1149 |
| Street Name * | s arapaho dr    Do not include "Street", "Avenue", "Drive", etc. in this form field. |
| Street Suffix | Suffix |
| Unit Number | |
| City * | santa ana |
| State * | CA |
| Zip Code * | Format: ##### |
| | 92704 |
| Last 4 Digits of Social Security Number * | Enter last 4 digits only. Format: #### |
| | ••••    Why do we ask for Social Security? |
| Verification * | ☑  By checking this box and clicking on the button below to submit this information, |

524425344                         Dyrlglgj Iruhforvxuh 0Krz wr Jhw Khos ý

I confirm I am the owner of this property or have the consent of the owner to
look up this information.

Submit    Clear

## Support Information

If you are having difficulty paying your mortgage on time and are seeking assistance, call your lender (also referred to as a mortgage servicer in the banking industry). The telephone number and mailing address of your mortgage lender should be listed on your monthly statement.

- **Be patient and diligent.** Lenders are working hard to get to every call and sometimes it takes longer than you expect.

- **Be prepared.** Before you call your lender, make sure you have all the necessary paperwork in-hand for a more productive conversation.

- **Be informed.** Learn more about the Administration's Making Home Affordable program and other options to avoid foreclosure.

© Freddie Mac

524425344                                         \hv$ Rxu uhfrugv vkrz wkdw Iuhgglh Pdý

Go straight to content.

- Home  |
- Terms and Conditions   |
- Privacy Policy



Freddie Mac
How to Get Help with Your Mortgage

# Yes. Our records show that Freddie Mac is the owner of your mortgage.

En Español

## What to Do Next

1. **For help with your mortgage, contact your lender and let them know you would like to pursue assistance through the federal Making Home Affordable program.**

    (Your lender is the company to which you make your mortgage payments, and may also be referred to as a mortgage servicer.)  Your lender can help you determine if you are eligible for the Making Home Affordable Program.

    a. **Through the Making Home Affordable program**, there are several options available to you:

        - A **Home Affordable Modification** to help you obtain more affordable mortage payments if you're behind in making your mortgage payments or believe you may be soon.

        - A **Home Affordable Refinance** to better position you for long-term homeownership success if you have been making timely mortgage payments but have been unable to refinance due to declining property values.

        - A **short sale** or **"deed-in-lieu of foreclosure"** to transition to more affordable housing if it is not realistic for you to keep your home.

    Freddie Mac is working with our mortgage servicers (your lenders) to offer these solutions to eligible borrowers with Freddie Mac-owned mortgages.  *Because Freddie Mac does not work directly with consumers, you will need to work with your lender to determine your best foreclosure prevention option.*

z z 61iuhgglhp df1frp 2ý 2ip brz qhg1kwp o                                                                    425

524425344                              \hv$Rxuuhfrugvvkrzwkdw Iuhgglh Pdý

    b. **If you are not eligible for the Making Home Affordable program**, don't give up! Ask your lender about other options to make your payments more affordable or to avoid foreclosure. There are other options available for homeowners with Freddie Mac-owned mortgages that are available through your lender.

2. **If you are unable to reach your lender, call a U.S. Department of Housing & Urban Development (HUD)-certified housing counselor at 1-800-569-4287 or <u>visit the web site</u> to find a housing counselor in your area.**

    Housing counselors can help you contact and work with your lender to get help with your mortgage – free of charge


**Support Information:**

**What to Expect**

    **Be patient and diligent.** Lenders are working hard to get to every call and sometimes it takes longer than you expect.

    **Be prepared.** Before you call your lender, here's what you'll need for <u>your conversation</u>.

**Get more information:**

    Learn more about the federal <u>Making Home Affordable</u> program and the options available to you.

    Get answers to our most <u>frequently asked questions</u> about the Making Home Affordable program.

    Visit our <u>Working With Your Lender to Stop Foreclosure</u> page to help prepare for your discussion with your lender.

    <u>Read about others who have successfully found options to avoid foreclosure</u>.


Thank you for contacting Freddie Mac. One of our top priorities is making sure homeowners with Freddie Mac-owned mortgages are able to get proper help and understand all options available to them during this difficult time.

© Freddie Mac

zz61iuhgglhpdf1frp2ý2ipbrzqhg1kwp o                                                                                          525

**4 / 4**                                                                                                                **Exhibit A**

**GLOBAL CAPITAL LAW, PC**
Gary Harre, Esq. (86398)
Diane Beall, Esq. (86877)
Barry Fagan, Esq. (160104)
8700 Warner Ave., Ste 200
Fountain Valley, Ca 92708
Phone (714) 907-4182
Fax     (714) 907-4175
Email: ghcmecf@Gmail.Com

ATTORNEY FOR DEBTOR,
    THUAN X. NGUYEN & TAMMY H. NGUYEN

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THUAN X. NGUYEN<br>TAMMY H. NGUYEN<br><br>Debtors | Case No. 8:09-bk-21730-RK<br><br>**DECLARATION OF DIANE BEALL IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY.** |

I, Diane Beall, declare:

1. I am a member of the law firm Global Capital Law. I have been duly admitted to practice law in the State of California and before this Court. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2. I submit this declaration in support of Debtors' Opposition to Motion for Relief from Automatic Stay brought by CitiMortgage, Inc.

3. I have reviewed the Motion and claim of legal standing asserted by CitiMortgage to bring such motion.

4. On February 10, 2011, I accessed mortgage records from Freddie Mac via internet at http://ww3.freddiemac.com/corporate and confirmed that Freddie Mac claims ownership in Debtor's mortgage for the property known as 1149 S. Arapaho Dr., Santa Ana, CA.

5. A true and correct print out of such information is attached to Debtor's opposition as Exhibit "A".

6. Based on my review of the records, CitiMortgage's claim of beneficial interest and legal standing in such property is false and clearly an attempt to commit fraud upon this Court.

I declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed this 10th day of February 2011, at Fountain Valley, California.

    /s/ Diane Beall
DIANE BEALL

| In Re: | CASE NO.: |
|---|---|
| Thuan X Nguyen and Tammy H Nguyen, | Chapter 7 |
| Debtor(s) | 8:10-bk-21730-RK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8700 Warner Ave., Suite 200
Fountain Valley, CA  92708

A true and correct copy of the foregoing document described as  ***DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY CITIMORTGAGE, INC., SUCCESSOR BY MERGER WITH ABN AMRO MORTGAGE GROUP, INC.; MEMORANDUM IN SUPPORT OF OPPOSITION*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_2/11/2011_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Thomas H Casey (TR)    msalustro@tomcaseylaw.com and to tcasey@ecf.epiqsystems.com
- Thomas M Geher        tmg@jmbm.com
- Gerald S Kim          cdcaecf@bdfgroup.com
- Marisol A Nagata      cdcaecf@bdfgroup.com
- Ramesh Singh          claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Darlene C Vigil       cdcaecf@bdfgroup.com
- Catherine T Vinh      ecfcacb@piteduncan.com
- Joshua del Castillo   jdelcastillo@allenmatkins.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **_2/11/2011_**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02-11-11 | Carolyn J Olson | /s/ Carolyn J Olson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

| In Re:  Thuan X Nguyen and Tammy H Nguyen,  Debtor(s) | CASE NO.:  Chapter 7  8:10-bk-21730-RK |
|---|---|

# Service List

Thuan X. Nguyen
Tammy H. Nguyen
3394 Carmel Drive
Costa Mesa, CA  92626

Brian A. Paino
Catherine T. Vinh
Pite Duncan, LLP
PO BOX 17933
San Diego, CA  92177-0933

Honorable Judge Robert N. Kwan
411 W. Fourth Street, Suite 5165
Santa Ana, CA  92701-4593

Thomas H. Casely (TR)
22342 Avenida Empressa, Suite 260
Rancho Santa Margarita, CA  92688

Center Bank
c/o Managing or Serving Agent
253 Western
Los Angeles, CA  90004

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                             **F 9013-3.1.PROOF.SERVICE**