GLOBAL CAPITAL LAW
Gary Harre, SBN 86938
Diane Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THUAN X. NGUYEN,<br>TAMMY H. NGUYEN,<br><br>Debtors | Case No. 10-21730-RK<br><br>Chapter 7 converted to Chapter 11<br><br>**DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF DEBTORS IN SUPPORT**<br><br>Date: March 8, 2011<br>Time: 11:30 a.m.<br>Place: Courtroom 5 D<br>      411 W. Fourth Street<br>      Santa Ana, CA 92701 |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE; THOMAS H. CASEY, CHAPTER 7 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

Thuan X. Nguyen, Tammy H. Nguyen (the "Debtors") hereby submits their Supplemental Brief in Support of Motion to Convert Chapter 7 Case to Chapter 11; Memorandum of Points and Authorities; Declaration of Debtors In Support as follows:

///

///

///

## I.

## **FACTUAL BACKGROUND**

The Debtors originally filed this case as a Chapter 7 on August 23, 2010 and on September 29, 2010, Debtors' filed a Motion to Convert their Chapter 7 case to a Chapter 11. On December 6, 2010, Debtors' filed another Motion to Convert their Chapter 7 case to a Chapter 11.

On or about September 30, 2010, the Court set a hearing for the Debtors' Motion to Convert their Chapter 7 case to a Chapter 11 for October 19, 2010. At the October 19, 2010 hearing, the Motion to Convert Debtors' case was continued to November 30, 2010, and on November 30, 2010 the Motion to Convert Debtors' case was again continued to January 11, 2011. On January 11, 2011, the Court again continued the Motion to Convert Debtors' Chapter 7 case to a Chapter 11 to February 15, 2011.

On or about February 1, 2011, creditor Deutsche Bank National Trust filed an Opposition to Debtors' Motion to Convert the Chapter 7 case to a Chapter 11.

On or about February 15, 2011, the Court again continued the Debtors' Motion to Convert their case to February 22, 2011.

At the February 22, 2011 hearing, the Court granted the Debtors' Motion to Convert their Chapter 7 case to a Chapter 11, but requested the Debtors provide the Court that their real properties are "necessary for an effective reorganization." This hearing is scheduled for March 8, 2011.

The Debtors presently own two (2) real properties: A single family residence, which is the Debtors' primary residence, located at 3394 Carmel Drive, Costa Mesa, CA and a single family non-owner rental property located at 1149 S. Arapaho Drive, Santa Ana, CA.

The Debtors' primary residence and their rental property **are** necessary for the Debtors' reorganization. The Debtors need these properties to formulate and propose a Chapter 11 Plan, and the real properties, both the Debtors' primary residence and the non-owner rental property **are** an integral part of Debtors' reorganization efforts and therefore their Motion to Convert their Chapter 7 case to a Chapter 11 should be granted for these reasons.

## II.

## DEBTORS' CHAPTER 7 CASE SHOULD BE CONVERTED TO A CHAPTER 11 CASE BECAUSE THEY WILL BE ORDERING APPRAISALS ON THEIR REAL PROPERTIES AND FILING MOTIONS TO VALUE THE REAL PROPERTIES UNDER 11 U.S.C. §506 OF THE BANKRUPTCY CODE IN THEIR CHAPTER 11 CASE

11 U.S.C. § 506(a) divides creditors' claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." *11 U.S.C. § 506(a)*.

Where the collateral securing the creditor's claim is worth less than the amount owed, the creditor is undersecured. Pursuant to *11 U.S.C. § 506(a)* an undersecured creditor has both a secured and an unsecured claim.

The secured claim is for the value of the collateral and the unsecured claim is for the deficiency between the value of the collateral and the total debt owed. *U.S.C. §506(a); Associates Comm'l Corp. v. Rash*, 520 U.S. 953, 961, 117 S.Ct. 1879, 1884 (1997). Section 506 also makes it clear that the valuation is to be determined in the light of the purpose of the valuation and the proposed disposition or use of the property.

11 U.S.C. § 1123(b)(5) allows a debtor's chapter 11 plan to modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. *Lam v. Investors Thrift (In re Lam),* 211 B.R. 36, 38 (9th Cir. BAP 1997). Section 1123(b)(5) does not restrict lienstripping on a debtor's real property when it is on a non-owner residential property and it also applies to stripping junior liens on the Debtors' primary residence.

///

Section 506 of the Bankruptcy Code governs the determination and treatment of secured claims in bankruptcy cases. *Shook v. CBIC (In re Shook*, 278 B.R. 815, 822 (9th Cir. BAP 2002). Because a claim is secured only by the value of the property to which the lien is attached, an undersecured claim may be bifurcated under § 506(a), leaving a creditor with a secured claim to the extent of the value of the collateral and an unsecured claim as to the deficiency. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239 (1989) (stating that § 506(a) "provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured"); *Shook*, 278 B.R. at 822 (observing that §506(a) permits "bifurcation of an allowed claim into its secured and unsecured components according to the value of the collateral").

11 U.S.C. § 506(a) determines whether a claim is secured for the purposes of modification under 11 U.S.C. § 1123(b)(5):

> "Section 506(a) divides creditors' claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, **§ 506(a) makes clear that the status of a claim depends on the valuation of the property**: An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. 11 U.S.C. § 506(a).
> …
> In order to give effect to the definitions of secured and unsecured claims under §506(a), §1123(b)(5) states that a plan may…impair or leave unimpaired any class of claims, secured or unsecured to modify the rights of holders of secured claims in real property, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

A Debtor **cannot** file a 11 U.S.C. §506 motion on their real property in a Chapter 7 case, a debtor **can only** file a 506 motion in a reorganization case. *Dewsnup v. Timm* (1992) 502 U.S. 410, 1112 S.Ct. 773.

///

Here in this case, the Debtors' primary residence located at 3394 Carmel Drive, Costa Mesa, CA 92626 has a 1st trust deed in the amount of $750,000.00 to Indymac/One West Bank and a 2nd trust deed in the amount of $78,000.00 to secured claim to Citimortgage, but the approximate value of the real property is $550,000.00. As such, Debtors will be filing an 11 U.S.C. §506 motion to "strip" the 2nd trust deed in the amount of $78,000.00 because it is wholly unsecured.

The Debtors' non-owner real property located at 1149 S. Arapaho Drive, Santa Ana, CA has a 1st trust deed in the amount of $261,000.00 to Citimortgage and a 2nd trust deed in the amount of $593,000.00, but the approximate value of the real property is $270,000.00, whereas, the Debtors will also be filing an 11 U.S.C. §506 motion to "strip" the 2nd trust deed in the amount of $593,000.00 because it too, is wholly unsecured.

Whereas, when the Debtors' 11 U.S.C. §506 Motions are ruled upon by the Court on their primary residence and on their rental property, the Debtors will be in a better position and they **will** need these properties to formulate and propose a Chapter 11 Plan. These real properties, both the Debtors' primary residence and the non-owner rental property **are** an integral part of Debtors' reorganization efforts and therefore their Motion to Convert their Chapter 7 case to a Chapter 11 should be granted for these reasons.

### III.
### DEBTORS' CHAPTER 7 CASE SHOULD BE CONVERTED TO A CHAPTER 11 BECAUSE THEIR PROPERTIES ARE NECESSARY FOR AN EFFECTIVE REORGANIZATION

As stated above, the Debtors originally filed this case as a Chapter 7 on August 23, 2010, and on September 29, 2010, Debtors' filed a Motion to Convert their Chapter 7 case to a Chapter 11. On December 6, 2010, Debtors' filed another Motion to Convert their Chapter 7 case to a Chapter 11. The Debtors need the subject properties to formulate and propose their Chapter 11 Plan, as the Debtors' real properties **are** necessary for the Debtors' reorganization efforts.

///

///

The U.S. Supreme Court has resolved this issue in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.* 484 U.S. 365, 109 S.Ct. 626 (1988) ("*Timbers*"), stating that "even if the property is necessary for the Debtors' Chapter 11 reorganization efforts, the phrase 'effective reorganization' is the question whether the Debtors **can** reorganize." In *Timbers*, the Court stated that this should be a meaningful test, "what this requires is **not** merely a showing that if there is conceivably to be an effective reorganization, the property **will** be needed for it, and that the property **is** essential for an effective reorganization *that is in prospect*." *Id.*

## IV.
## **CONCLUSION**

Whereas, the Debtors need their real properties to formulate and propose a Chapter 11 Plan, the Debtors' real properties **are** an integral part to their Chapter 11 reorganization efforts and the Debtors' Chapter 7 case should be converted to a Chapter 11 case in this matter for these reasons.

Respectfully submitted.

Dated:  February 25, 2011         **GLOBAL CAPITAL LAW**


___/s/  Gary Harre _____
Gary Harre, Esq.
Diane Beall, Esq.
Attorneys for Debtors

## **DECLARATION OF THUAN X. NGUYEN, TAMMY H. NGUYEN**

We, Thuan X. Nguyen, Tammy H. Nguyen, declare as follows:

1. We are the Debtors in the above-referenced and the following facts are within our personal knowledge and if we are called upon to testify, we could and would do so competently thereto.

2. We submit this Declaration in Support of our Supplemental Brief re Motion to Convert Chapter 7 case to a Chapter 11 in this matter.

3. We originally filed this case as a Chapter 7 on August 23, 2010 and on September 29, 2010, we filed a Motion to Convert our Chapter 7 case to a Chapter 11.

4. On December 6, 2010, we filed another Motion to Convert our Chapter 7 case to a Chapter 11.

5. On or about September 30, 2010, the Court set a hearing for our Motion to Convert our Chapter 7 case to a Chapter 11 for October 19, 2010.

6. At the October 19, 2010 hearing, the Motion to Convert our case was continued to November 30, 2010, and on November 30, 2010 the Motion to Convert our case was again continued to January 11, 2011.

7. On January 11, 2011, the Court again continued the Motion to Convert our Chapter 7 case to a Chapter 11 to February 15, 2011.

8. On or about February 1, 2011, creditor Deutsche Bank National Trust filed an Opposition to our Motion to Convert the Chapter 7 case to a Chapter 11.

9. On or about February 15, 2011, the Court again continued our Motion to Convert our Chapter 7 case to a Chapter 11 to February 22, 2011.

10. At the February 22, 2011 hearing, the Court granted the our Motion to Convert our Chapter 7 case to a Chapter 11, but requested the we provide the Court that our properties are "necessary for an effective reorganization". This hearing is scheduled for March 8, 2011.

11. We presently own two (2) real properties: A single family residence, which is our primary residence, located at 3394 Carmel Drive, Costa Mesa, CA and a single family non-owner rental property located at 1149 S. Arapaho Drive, Santa Ana, CA.

12. Our primary residence located at 3394 Carmel Drive, Costa Mesa, CA 92626 has a 1st trust deed in the amount of $750,000.00 to Indymac/One West Bank and a 2nd trust deed in the amount of $78,000.00 to secured claim to Citimortgage, but the approximate value of the real property is $550,000.00. As such, we will be filing an 11 U.S.C. §506 motion to "strip" the 2nd trust deed in the amount of $78,000.00 because it is wholly unsecured.

13. Our non-owner real property located at 1149 S. Arapaho Drive, Santa Ana, CA has a 1st trust deed in the amount of $261,000.00 to Citimortgage and a 2nd trust deed in the amount of $593,000.00, but the approximate value of the real property is $270,000.00, whereas, we will also be filing an 11 U.S.C. §506 motion to "strip" the 2nd trust deed in the amount of $593,000.00 because it too, is wholly unsecured.

14. Whereas, when our 11 U.S.C. §506 Motions are ruled upon by the Court on our primary residence and on our rental property, we will be in a better position and we **will** need these properties to formulate and propose a Chapter 11 Plan.

15. These real properties, both our primary residence and the non-owner rental property **are** an integral part of our reorganization efforts and therefore our Motion to Convert our Chapter 7 case to a Chapter 11 should be granted for these reasons.

We declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on this 25th day of February, 2011, at Costa Mesa, CA.

                                                              __/s/ Thuan X. Nguyen_____
                                                              Thuan X. Nguyen, Declarant

                                                              _ /s/ Tammy H. Nguyen_____
                                                              Tammy H. Nguyen, Declarant

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8700 Warner Avenue, Suite 200, Fountain Valley, CA 92807

A true and correct copy of the foregoing document described as **Debtors' Supplemental Brief in Support of Motion to Convert Chapter 7 Case to Chapter 11; Memorandum of Points and Authorities; Declaration of Debtors in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 28, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Thomas H Casey (TR)    msalustro@tomcaseylaw.com, tcasey@ecf.epiqsystems.com
    Thomas M Geher    tmg@jmbm.com
    Gerald S Kim    cdcaecf@bdfgroup.com
    Marisol A Nagata    cdcaecf@bdfgroup.com
    Ramesh Singh    claims@recoverycorp.com
    United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
    Darlene C Vigil    cdcaecf@bdfgroup.com
    Catherine T Vinh    ecfcacb@piteduncan.com
    Joshua del Castillo    jdelcastillo@allenmatkins.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 28, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robert N. Kwan
411 W. Fourth Street, Suite 5165
Santa Ana, CA 92701

**Service information continued on attached page**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 28, 2011 | Delores Jackson | /s/ Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTORS IN SUPPORT**

- 9 -