**GLOBAL CAPITAL LAW**
GARY HARRE, ESQ. (BAR NO. 86938)
8700 Warner Ave., Ste 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Email: ghcmecf@gmail.com

Attorney for Debtor(s)
    THUAN X. NGUYEN
    TAMMY H. NGUYEN

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>    THUAN X. NGUYEN<br>    TAMMY H. NGUYEN,<br><br>                Debtor(s). | **Case No. 8:10-bk-21730-RK**<br><br>**Chapter 7 Converted to 11**<br><br>**Hon. Robert Kwan**<br><br>**NOTICE OF MOTION AND EMERGENCY MOTION OF DEBTORS TO ENFORCE AUTOMATIC STAY; FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, 11 U.S.C. §362 AGAINST ASHE EVEREST & ASSOCIATES, INC.; TOYOTA MOTOR CREDIT; TOYOTA FINANCIAL SERVICES; LEXUS FINANCIAL SERVICES; AND FOR AN ORDER TO SHOW CAUSE WHY SANCTIONS UNDER 11 U.S.C. §362(k)(1) SHOULD NOT BE IMPOSED.**<br><br>[11 U.S.C. §362(a)(3); 11 U.S.C. §362(k)(1)]<br><br>[Emergency Hearing Requested Pursuant to Local Bankruptcy Rule 9075-19(a)]<br><br>Date: _____<br><br>Time: _____<br><br>Place: Ronald Reagan Federal Building<br>411 West Fourth Street, Courtroom 5D<br>Santa Ana, CA 92701-4593 |

TO HONORABLE ROBERT KWAN, UNITED STATES BANKURPTCY

---

EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AND FOR VIOLATION OF THE AUTOMATIC STAY.

JUDGE, AND ALL INTERESTED PARTIES:

Debtors Thuan X. Nguyen and Tammy H. Nguyen, in the above-caption captioned bankruptcy case ("DEBTOR"), respectfully moves this Court on an emergency basis (the "Emergency Motion") pursuant to Local Bankruptcy Rule 9075-l(a) for entry of an order enforcing automatic stay against ASHE EVEREST & ASSOCIATES, INC., agent for Toyota Financial Services; TOYOTA MOTOR CREDIT; TOYOTA FINANCIAL SERVICES; AND LEXUS FINANCIAL SERVICES, its assignees and/or successors from taking action against Debtors' property known as 2010 Lexus automobile VIN Number: JTJHY7AX1A4045178 (hereinafter "Subject Property").

The gravamen of this motion is that these parties, post petition, are attempting to repossess Debtors' vehicle, and in fact tried to gain entry into Debtors' residence to remove the vehicle parked in the garage, thereby denying Debtors the use of their car.

Debtors further respectfully request the Court to set an Order to Show Cause why Sanctions under 11 U.S.C. 362(k) should not be imposed upon ASHE EVEREST & ASSOCIATES, INC.; TOYOTA MOTOR CREDIT; TOYOTA FINANCIAL SERVICES; AND LEXUS FINANCIAL SERVICES for costs, attorney fees and in appropriate circumstances punitive damages as the result of their willful violation of the Automatic Stay.

## I. INTRODUCTION

On August 23, 2010, Debtors filed the above-caption bankruptcy case as a Chapter 7.  On or about February 15, 2011, the case was converted to a Chapter 11.  The court duly gave notice to Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services as creditors.

On February 16, 2011, Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services, filed Proof of Claim 1-1 (hereinafter "POC" 1-1), listing

$75,001.94 as an UNSECURED NONPRIORITY CLAIM. By virtue of this filing, Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services, were on notice of the above captioned bankruptcy filing and that they submitted to the jurisdiction of the United States Bankruptcy Court upon filing of this Proof of Claim. True and correct copy of the POC 1-1 with attached Exhibits is attached herein as Exhibit "1".

On February 18, 2011, Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services, filed Proof of Claim 2-1 (hereinafter "POC" 2-1), listing $75,001.94 as an UNSECURED NONPRIORITY CLAIM. This is an exact duplicate of POC 1-1. True and correct copy of the POC 2-1 with attached Exhibits is attached herein as Exhibit "2".

On March 1, 2011, Debtors contacted Global Capital Law and notified their attorneys that ASHE EVEREST & ASSOCIATES, INC., acting as an agent for Lexus Financial Services, contacted Debtors to notify them that the vehicle was being repossessed for non-payment.

At approximately 3:30 PM, the Debtors, through their counsel, notified Lexus Financial Services of their bankruptcy filing and of the Automatic Stay. Lexus Financial Services were informed that any attempts to repossess the car would violate the Automatic Stay and subject them to sanctions.

On March 1, 2011, at around 8:30 PM, **after** ASHE EVEREST & ASSOCIATES, INC., as agent for Lexus Financial and Lexus Financial Services, received notification of the Automatic Stay by Debtors' Counsel, their agent, Ashe Everest & Associates, Inc., trespassed onto Debtors' property and attempted to tow the Debtors' car while it was parked inside their garage.

There is no dispute that the Automatic Stay has been in effect since August 2010 and that Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services were not entitled to tow the car as part of its debt collection

GARY HARRE, ESQ. (BAR NO. 86938)
8700 WARNER AVE., SUITE 200
FOUNTAIN VALLEY, CA 92708
TELEPHONE: (714) 907-4182

efforts.

Moreover, by their own Proofs of Claim, Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services do not have a security interest in the Subject Property. Therefore, they are not entitled to take possession of the vehicle as part of its debt collection efforts.

The debtors are experiencing anxiety and stress as a result of the continued attempts to trespass onto their home to repossess their car and the utter indifference of Toyota Motor Credit; Toyota Financial Services; Lexus Financial Services, and ASHE EVEREST & ASSOCIATES, INC. as their agent, to the automatic stay.

## II. ARGUMENT

### A. Creditor Has Come Within the Ambit of section 362(k)

#### 1. Repossession of Car to Coerce Payment of Prepetition Debts Violates the Stay.

A creditor, with knowledge of the stay, has affirmative duty to act to terminate ongoing violations of the automatic stay, Eskanos & Adler v. Somkiat G. Leetien, (9th Cir. 2002) 309 F.3d 1210. Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate violates the stay. Bankr.Code 11 U.S.C. § 362 (a)(3).

Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services filed their proof of claims of this UNSECURED debt on February 16 and February 18, 2011 in response to Plaintiff's pending bankruptcy proceeding. Therefore, there can be no doubt that Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services had knowledge of the stay as of February 16, 2011. Their knowledge of the stay was further affirmed through the notification by Debtors' counsel on March 1, 2011. Despite such knowledge, Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services

instructed ASHE EVEREST & ASSOCIATES, INC. as their agent to obtain possession of the vehicle, which is the property of the estate. These parties willfully refuse to terminate their ongoing violations commencement of the case. Therefore, it is necessary to bring this Motion.

## 2. Creditor's Violation of the Automatic Stay was Willfull.

Creditors received notification of bankruptcy proceedings and such knowledge is evidenced by their Proofs of Claims. Despite such knowledge, these parties still consciously chose to move forward with the repossession of Debtor's vehicle.

"It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed ...Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intention." In re Wingard, 382 B.R. at 901 (internal citations omitted.)

Despite repeated notification of the above captioned bankruptcy filing and of the Automatic Stay, Ashe Everest & Associates, Inc.; Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services trespassed onto Debtor's property and attempted to tow the debtors' car while it was parked inside Debtor's garage. Such blatant action by ASHE EVEREST & ASSOCIATES, INC. as agent for the alleged creditors clearly violate the stay.

## 3. Procedure and Standard Governing Stays

Actions taken in violation of automatic stay are void and of no force or effect, even when the party taking such action has no actual notice of existence of stay. Bankr.Code, 11 U.S.C. §362(a). Creditor and its agents act at their own peril when they usurp bankruptcy court's role in determining scope of automatic stay, without binding authority that is clearly applicable to facts at hand. Bankr.Code, 11 U.S.C.A. §362. Furthermore, Creditor need not have

specific intent to violate stay in order for its stay violation to be "willful," so as to require entry of damages award against it; it is enough that creditor knew of stay and that it intended to take the actions found to violate stay. Even an innocent stay violation, one committed without knowledge of automatic stay, becomes "willful," if creditor fails to remedy the violation after receiving notice of stay. Bankr.Code, 11 U.S.C. §362(h).

When Ashe Everest & Associates, Inc., as agent for Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services, trespassed onto Debtors' property on March 1, 2011, and attempted to tow the Debtors' car while it was parked inside their garage; their action clearly violated the Automatic Stay. Although, these parties were informed of the automatic stay; they continued with their willful action that further memorialized by the records of Costa Mesa Police response to Debtors' emergency call for trespass.

Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services has submitted to jurisdiction of this Court when they filed their unsecured proof of claims; which clearly indicated that they are not a secured parties to take control or possession of the vehicle that belonged to bankruptcy estate.

Therefore, even if Ashe Everest & Associates, Inc.'s actions were an innocent stay violation, one committed without knowledge of automatic stay, it became "willful".

**4. Debtor Has Been Injured by Creditor Willful Violation of Automatic Stay.**

Debtors' lives have been turned upside down because they are afraid to take the vehicle off their property effectively leaving them without transportation. Emotional distress damages are compensable under the Bankruptcy Code.

GARY HARRE, ESQ. (BAR NO. 86938)
8700 WARNER AVE., SUITE 200
FOUNTAIN VALLEY, CA 92708
TELEPHONE: (714) 907-4182

The [automatic] stay is the first part of bankruptcy relief, for it gives the debtor a respite from the forces that led him to bankruptcy. Frequently, a consumer debtor is severely harassed by his creditors when he falls behind in payments on loans. The harassment takes the form of abusive phone calls at all hours, including at work, threats of court action, attacks on the debtor's reputation, and so on. The automatic stay takes the pressure off the debtor. *Id.* at 902.

Further, Debtors have incurred attorney's fees and costs in the continued defense of this illegal collection activity, and which is also sanctionable. In re Peterkin, 102 B.R. 50, 53 (1989), the Court further finds that the violation in this case was willful. Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by a willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, an, in appropriate circumstances, may recover punitive damages).

## II. **Standard on a Motion for Sanction under 11 U.S.C. 362(k).**

Section 362(k) of the Bankruptcy Code states, in relevant part, that an "individual injured by any willful violation of a stay provided by this section [i.e. Section 362(a)] shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages ..." In Re Wingard, 382 B.R. 892, 900 (2008). "Thus it appears that the provisions of the statute come into effect upon showing that: (1) a violation of the automatic stay has occurred; (2) the violation was willful; and (3) the willful violation has caused injury to the debtors." *Id.* "Willfulness" is established if (1) the creditor knew of the automatic stay and (2) the actions violating the stay were **intentional**. Associated Credit Services, Inc. v. Campion (In re Campion) (BAP 9th Cir. 2003) 294 B.R. 313, 316.

The debtors' damages include their out of pocket expenses associated with

- 7 -
EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AND FOR VIOLATION OF THE AUTOMATIC STAY.

trying to retrieve their car; their expenses associated with the filing of this motion, including attorneys fees, copy and mailing costs; their time spent interacting with Ashe Everest & Associates, Inc.; Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services; the loss of use of their vehicle; etc. The debtors lost precious time from their personal and professional life, and suffered interruption, annoyance and continuing anxiety as they try to live their lives and keep possession of their car.

The court, in considering an award of damages, should consider the callous abuse of power by the creditors and their agent involved, who have consistently used their clout as "Creditor" to frustrate the debtors' enjoyment of the protection they are entitled to under the Bankruptcy Code. It is significant that despite an abundance of notice of the bankruptcy, and debtors' repeated efforts to draw it to their attention as it impacts the debtors and their vehicle, from top to bottom of Ashe Everest & Associates, Inc.; Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services has remained absolutely indifferent to the pendency of the Chapter 11. At no point to date has any one from Ashe Everest & Associates, Inc.; Toyota Motor Credit; Toyota Financial Services; and Lexus Financial Services had the grace to say "oops, we goofed" and taken action to make things right. They plow on, as though inconvenient federal laws don't apply to them.

The Ninth Circuit has held that acts taken in violation of the automatic stay are void, *ab initio* and without effect. Far Out Productions, Inc. v. Oskar (9th Cir. 2001) 247 F.d 986; Schwartz v. U.S. (In re Schwartz) (9th Cir. 1992) 954 F.2d 569, 571). Since actions taken in violation of the automatic stay are void, the court is urged to award, as an element of damages for violation of the stay, and punitive damages.

### III.    CONCLUSION

- 8 -
EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AND FOR VIOLATION OF THE AUTOMATIC STAY.

Accordingly, Debtor respectfully requests this Court to order ASHE EVEREST & ASSOCIATES, INC.; TOYOTA MOTOR CREDIT; TOYOTA FINANCIAL SERVICES; AND LEXUS FINANCIAL SERVICES to cease all activity against Debtors' property in violation of a valid automatic stay and to set a hearing date for sanctions against these parties.

Dated: March 3, 1011        Global Capital Law;

_____
Gary Harre, Esq.
Attorney for Debtors.