1  Brian A. Paino (SBN 251243)
   bpaino@piteduncan.com
2  Catherine T. Vinh (SBN 269020)
   cvinh@piteduncan.com
3  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
6
7  Attorneys for Movant
   CitiMortgage, Inc., successor by merger with
   ABN Amro Mortgage Group, Inc.
8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11  | In re | Case No. 8:10-bk-21730-RK |

12  THUAN X NGUYEN and TAMMY    Chapter 7
    H NGUYEN,
13                              **REPLY TO DEBTORS' OBJECTION
                                TO MOTION FOR RELIEF FROM
14                              AUTOMATIC STAY BY
                                CITIMORTGAGE, INC., SUCCESSOR
15          Debtors.            BY MERGER WITH ABN AMRO
                                GROUP, INC.; MEMORANDUM OF
16                              POINTS AND AUTHORITIES**

17                              **Hearing**:
                                Date:  March 8, 2011
18                              Time:  11:30 A.M.
                                Ctrm:  5D
19                              Judge:  Honorable Robert N. Kwan

20                              U.S. Bankruptcy Court,
                                Ronald Reagan Federal Building
21                              411 West Fourth Street, Suite 5165
                                Santa Ana, CA 92701-4593
22

23          CitiMortgage, Inc., successor by merger with ABN Amro Mortgage Group, Inc.

24  ("CitiMortgage") respectfully submits the following reply to the above-captioned Debtors, Thuan X.

25  Nguyen and Tammy H. Nguyen's ("Debtors") Objection to Motion for Relief from Automatic Stay

26  ("Objection"). This reply is supported by the memorandum of points and authorities cited herein and

27  the record currently before the court.

28  /././

1

# TABLE OF CONTENTS

2

**Page**

3

I.    INTRODUCTION...........................................................................................- 1 -

4

II.    STATEMENT OF FACTS ...........................................................................- 1 -

5

III.    ANALYSIS ....................................................................................................- 3 -

6

   A.    CITIMORTGAGE HAS STANDING TO PROSECUTE THE MOTION FOR

7

      RELIEF.......................................................................................................- 3 -

8

    1.    Legal Standard. ................................................................................- 3 -

9

    2.    CitiMortgage Has Standing to Enforce the Note............................- 4 -

10

       a.    There is No Risk of Multiplicity or Conflicting Suits.............................- 5 -

11

       b.    CitiMortgage Is Entitled to Enforce the Note Under California Law. ...................- 5 -

12

13

       c.    CitiMortgage Is Entitled to Enforce the Deed of Trust. .........................- 6 -

14

   B.    CITIMORTGAGE HAS MET ITS EVIDENTIARY BURDEN...........................- 8 -

15

    1.    CitiMortgage's Testimony Falls Within A Hearsay Exception. .........................- 8 -

16

    2.    CitiMortgage Properly Authenticated the Documentary Evidence in Support of

17

      the Motion for Relief. ......................................................................- 9 -

18

   C.    DEBTORS FAIL TO MEET THEIR BURDEN IN ESTABLISHING THAT THE
      PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION....- 10 -

19

20

    1.    Legal Standard. ..............................................................................- 10 -

21

    2.    Debtors Fail to Demonstrate that the Property is Necessary to An Effective
      Reorganization. ..............................................................................- 10 -

22

23

   D.    DEBTORS' LIBELOUS ALLEGATIONS REGARDING FRAUD MUST BE
      STRIKEN...................................................................................................- 11 -

24

IV.    CONCLUSION ...........................................................................................- 14 -

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

Audio Visual Marketing Corporation v. Omni Corporation, 545 F.2d 715, 719 (10th Cir. 1976) ..

4

...................................................................................................................................- 4 -

5

Biggs v. Stovin, 219 B.R. 837 (9th Cir. BAP 1997)......................................................- 3 -

6

Buckland v. Threshold Enters., Ltd., 155 Cal.App.4th 798, 806-07 (2007)...........................- 12 -

7

Carpenter v. Longan, 83 U.S. 271, 275 (1873)........................................................- 7 -

8

Davis v. Yageo Corp., 481 F. 3d 661, 678 (9th Cir. 2007)...........................................- 4 -

9

Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S.C. 1, 11, (2004) ...............................- 4 -

10

Flaxel v. Johnson, 541 F.Supp.2d 1127, 1145 (S.D.Cal. 2008)...................................- 12 -

11

Grella v. Salem Five Cent Sav. Bank, 42 F. 3d 26, 33-34 (1st Cir. 1994) ...................- 3 -

12

Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982).............................................- 4 -

13

In re Glenfed, Inc. Securities Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) ................- 13 -

14

In re Hwang, 438 B.R. 661 (C.D.Cal.2010) ............................................................- 6 -

15

In re Johnson, 756 F. 2d 738, 740 (9th Cir. 1985).................................................- 3 -

16

In re Kang Jin Hwang, 396 B.R. 757, 768 (Bankr. C. D. Cal. 2008) ........................- 4 -

17

Johnson v. First Fed. Bank of California, 2008 WL 2705090, at *5 (N.D.Cal. 2008).............- 12 -

18

Lazar v. Superior Court, 12 Cal.4th 631 (1996) ..................................................- 12 -

19

LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D.Cal. 1992).................- 11 -

20

Morris v. BMW of N. Am., LLC, 2007 WL 3342612, at *3 (N.D.Cal. 2007)........................- 13 -

21

Oregon v. Legal Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2008) .............................- 5 -

22

Pantoja v. Countrywide Home Loans, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009).................- 9 -

23

Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 861-862 (9th Cir. 2008)........................- 5 -

24

Saldate v. Wilshire Crediti Corp., 2010 WL 624445 (E.D.Cal. 2010) ....................................- 13 -

25

26

27

28

Security Farms v. International Broth., 124 F.3d 999 (9th Cir. 1997) ........................................- 9 -

Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1993)................................- 11 -

Stockwell v. Barnum, 7 Ca.App. 413 (1908).................................................................- 9 -

Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007)......................................- 13 -

Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157 (1991) .........................- 13 -

United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 551
    (1996)...............................................................................................- 4 -

United Savings Association of Texas v. Timbers of Inwood Forest Associates, LTD., 484 U.S.
    365, at 375-376 (1998).......................................................................- 10 -

United States v. Butner, 440 U.S. 48 (1979) ...............................................................- 5 -

United States v. Sutton, 694 F.2d 1325, 1330 (D.C. Cir. 1982) ........................................- 9 -

Warth v. Seldin, 422 U.S. 490, 498 (1975)....................................................................- 4 -

Whalley v. Belleque, 520 F.3d 997, 1002 (9th Cir. 2008).................................................- 4 -

### STATUTES

Cal. Civ. Code § 2936.................................................................................- 7 -

Cal. Com. Code § 1201(a)(21)(a) ..................................................................- 5 -

Cal. Com. Code § 3203 ..............................................................................- 6 -

Cal. Com. Code § 3301 ........................................................................- 5 -, - 6 -

Cal. Com. Code § 3301, *Note 1* .................................................................- 5 -

### OTHER AUTHORITIES

Advisory Committee Note to Rule 803(6) ..........................................................- 8 -

C. Wright & A. Miller, Federal Practice & Procedure, Sec. 1541, at 635 (1971).....................- 4 -

Restatement (Third) of Property: Mortgages § 5.4 (1997) ........................................- 7 -

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

RULES

Fed. R. Civ. P. 9014(c) ................................................................................................ - 12 -

Fed. R. Bankr. P. 9017 ................................................................................................. - 9 -

Fed. R. Civ. P. 12(f) ................................................................................................... - 11 -

Fed. R. Civ. P. 17(a)(1) ................................................................................................ - 4 -

Fed. R. Evid. 803(6) ..................................................................................................... - 8 -

Fed. R. Evid. 901(a) ..................................................................................................... - 9 -

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

# I.    INTRODUCTION

Debtors' Opposition is premised upon erroneous legal contentions and is wholly without merit. Against the clear weight of persuasive and binding authority, Debtors contend that CitiMortgage lacks standing to prosecute its Motion for Relief from the Automatic Stay ("Motion for Relief") because the loan that is the subject of this action is owned by Freddie Mac. As discussed herein, Debtors arguments fail as a matter of fact and law. Moreover, Debtors fail to meet their burden of demonstrating that the subject real property is necessary to their effective reorganization. Instead, Debtors merely argue that the property, along with their primary residence, is necessary to their reorganization because they are entitled to avoid any outstanding junior liens on the property. Certainly, Debtors' assertion that they are entitled to utilize the lien avoidance provisions of Section 506 of the Bankruptcy Code falls well short of establishing that the properties are necessary for an effective reorganization. Further, Debtors' argument regarding the evidentiary support for the Motion for Relief is without merit, as the declaration testimony in support of the motion is admissible under the business records exception to the hearsay rule and CitiMortgage otherwise properly authenticated the subject note and deed of trust. Finally, Debtors' defamatory allegation that CitiMortgage and its counsel engaged in fraud must be stricken.

# II.    STATEMENT OF FACTS

On or about January 6, 2006, Debtors executed a promissory note in the principal sum of $320,000.00 (the "Note"), which was made payable to ABN Amro Mortgage Group, Inc. ("ABN Amro") and is secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 1149 S Arapaho Dr, Santa Ana, California 92704 (the "Property").[1] *See* Real Property Declaration in Support of Motion for relief from the Automatic Stay ("Declaration"), **Exhibits 1 and 2**.

Subsequent to Debtors' execution of the Note, on or about September 1, 2007, ABN Amro merged with and into CitiMortgage.  *See* Declaration, **Exhibit 3**; p. 11, ¶ 7. CitiMortgage is currently in possession of the Note.  *See* Declaration, p. 12, ¶ 4. Freddie Mac is the current owner of the Loan.

---

[1] The Note and Deed of Trust are referred to herein as the "Loan."

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1      On August 23, 2011, Debtor commenced the instant case by filing a voluntary petition under

2  Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of

3  California.

4      On December 6, 2010, Debtors filed Motion to Convert Case to Case Under Chapter 11 of

5  the Bankruptcy Code ("Motion to Convert") (*Docket Number 41*).  Secured creditor Deutsche Bank

6  National Trust Company ("Deutsche Bank") filed an Objection to the Debtors' Motion to Convert

7  (*Docket Number 44*) on the grounds that the Debtors filed the motion in bad faith and were

8  otherwise unable to fund a Chapter 11 Plan.

9      On January 18, 2011, CitiMortgage filed its Motion for Relief (*Docket Number  43*) with

10  respect to the Property.  The hearing on the Motion was originally scheduled for February 15, 2011.

11      On February 11, 2011, four days prior to the hearing on the Motion for Relief, Debtors filed

12  their untimely Objection (*Docket Number 46*).  The following day, Debtors filed a Motion for

13  Sanctions for Violation of Stay ("Motion for Sanctions") (*Docket Number 49*), wherein Debtors

14  alleged that CitiMortgage violated the bankruptcy stay for filing the Motion for Relief.[2]

15      On February 15, 2011, the Court conducted a preliminary hearing on CitiMortgage's Motion

16  for Relief, at which time the Court continued the matter to February 22, 2011, in order to review the

17  Debtors' late filed Objection.

18      On the same day, February 15, 2011, the Court granted Debtors' Motion to Convert,

19  notwithstanding the objection by Deutsche Bank. An order converting this case to a Chapter 11 was

20  entered on March 2, 2011.

21      At the continued hearing on CitiMortgage's Motion for Relief, Debtors' counsel informed

22  the Court and CitiMortgage's undersigned counsel that the instant case had been converted to a

23  Chapter 11. Although the Court made a finding on the record that there is no equity in the Property,

24  the Court continued the hearing to March 8, 2011, to allow Debtors time to submit a brief

25  /././

26

27  _____

[2] Aside from being nonsensical and wholly without merit, Debtors' Motion for Sanctions was also filed in violation of the "safe-harbor" provision of Rule 9011 of the Federal Rules of Bankruptcy Procedure and not served in compliance with

28  the Local Bankruptcy Rules.  The Court denied the Motion for Sanctions at the February 15, 2011 hearing on the Motion for Relief.

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1  establishing why the Property is necessary for a reorganization, and to allow CitiMortgage time to

2  submit the instant reply.

3      On February 28, 2011, the Debtors filed a Supplemental Brief in support of Motion to

4  Convert Chapter 7 Case to Chapter 11; Memorandum of Points and Authorities; Declaration of

5  Debtors in Support (*Docket number 56*).

6              **III.    ANALYSIS**

7  **A.    CITIMORTGAGE HAS STANDING TO PROSECUTE THE MOTION FOR RELIEF**

8      **1.    Legal Standard.**

9

10     Pursuant to Ninth Circuit precedent, "[t]he hearing on a motion for relief from stay is meant

11 to be a summary proceeding, and the statute requires the bankruptcy court's action to be quick."

12 Biggs v. Stovin, 219 B.R. 837 (9th Cir. BAP 1997); See also Grella v. Salem Five Cent Sav. Bank,

13 42 F. 3d 26, 33-34 (1st Cir. 1994).  Given the restricted and specific statutory grounds for obtaining

14 an order granting the motion, coupled with the short time frame for the hearing, most courts "hold

15 that the hearings should not involve an analysis or resolution of the merits of claims, defenses or

16 counterclaims, *but rather simply determine whether the creditor has a colorable claim to the*

17 *property of the estate*." In re Johnson, 756 F. 2d 738, 740 (9th Cir. 1985).  (emphasis added). A

18 relief from stay hearing is not, nor was it intended to be, the forum in which to determine the merits

19 of the claims presented in support of relief from the automatic stay.  Biggs v. Stovin, 219 B.R. at

20 842.  Rather the motion for relief from the stay hearing is merely a threshold requirement which, if

21 met by the creditor, allows a creditor to fully pursue its claims against the debtor without incurring

22 liability for violating the automatic stay. Id. Relief from stay hearings are limited in scope to

23 adequacy of protection, equity, and necessity to an effective reorganization; the validity of the

24 underlying claims is not litigated. In re Johnson, supra.

25     Pursuant to the Debtors' Objection, Debtors allege that CitiMortgage lacks standing to

26 enforce the Note and Deed of Trust.[3] For the reasons discussed more fully below, CitiMortgage has

27

28 [3] Suspiciously, Debtors identify CitiMortgage in their sworn schedules as a secured creditor. Pursuant to the doctrine of judicial estoppel, sometimes referred to as the doctrine of preclusion of inconsistent positions, a party is precluded from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.

1  standing to enforce the terms of the Note and Deed of Trust and has otherwise demonstrated that it

2  has a colorable claim against the Debtors' bankruptcy estate.

3        **2.      CitiMortgage Has Standing to Enforce the Note.**

4        Federal Rule of Civil Procedure 17, made applicable to this case by Rules 7017 and 9014 of

5  the Federal Rules of Bankruptcy Procedure, provides that *an action* must be prosecuted in the name

6  of the real party in interest. Fed. R. Civ. P. 17(a)(1) (emphasis added). The real party in interest

7  defense is for the benefit of a defendant and should be raised in timely fashion or it may be deemed

8  waived. <u>Hefley v. Jones</u>, 687 F.2d 1383, 1388 (10th Cir. 1982).  (citing <u>Audio Visual Marketing</u>

9  <u>Corporation v. Omni Corporation</u>, 545 F.2d 715, 719 (10th Cir. 1976)).  The purpose of Rule 17 is to

10  prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party

11  beneficiaries, who would not be bound by res judicata principles. C. Wright & A. Miller, <u>Federal</u>

12  <u>Practice & Procedure,</u> Sec. 1541, at 635 (1971).

13        In addition to the "real party in interest" requirements of Rule 17, a litigant must also have

14  standing to bring a motion. <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). Having standing to bring a

15  motion is different than being a "real party in interest" under Rule 17. <u>Davis v. Yageo Corp.</u>, 481 F.

16  3d 661, 678 (9th Cir. 2007). Standing is a requirement grounded in Article III of the U.S.

17  Constitution and a defect in standing cannot be waived by the parties. <u>In re Kang Jin Hwang</u>, 396

18  B.R. 757, 768 (Bankr. C. D. Cal. 2008). A litigant must have both constitutional standing and

19  prudential standing for a federal court to have jurisdiction to hear the case. <u>Elk Grove Unified Sch.</u>

20  <u>Dist. v. Newdow</u>, 542 U.S.C. 1, 11, (2004). Constitutional standing requires an injury to be fairly

21  traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested

22  relief. <u>United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.</u>, 517 U.S. 544,

23  551 (1996).  Prudential standing is a set of principles that places limits on the class of persons who

24  may invoke a federal court's powers. <u>Newdow</u>, 542 U.S. at 11. To comply with the requirement of

25  /././

26

27  <u>See</u> <u>Whalley v. Belleque</u>, 520 F.3d 997, 1002 (9th Cir. 2008) (citations omitted). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." <u>Id</u>. The doctrine applies to a party's legal *as well as factual assertions*. <u>Id</u>. (emphasis added). Here,

28  Debtors seek a tactical advantage by taking the inconsistent position in the context of the Motion for Relief that CitiMortgage lacks standing to prosecute the Motion for Relief.

1  prudential standing, the litigant must assert its own legal rights and interests. <u>Oregon v. Legal Servs.</u>

2  <u>Corp.</u>, 552 F.3d 965, 971 (9th Cir. 2008).

3          *a.        There is No Risk of Multiplicity or Conflicting Suits.*

4          At the outset, CitiMortgage emphasizes that a stay relief motion is not an action on a contract

5  and, thus, poses no risk to the Debtors of multiple or conflicting lawsuits regarding the Note and

6  Deed of Trust. In fact, a final order lifting the automatic stay is binding as to the property at issue,

7  i.e., the *res*, and its scope is not limited to the parties before the court.  <u>See</u> <u>Reusser v. Wachovia</u>

8  <u>Bank, N.A.</u>, 525 F.3d 855, 861-862 (9th Cir. 2008) (noting that bankruptcy jurisdiction, at its core, is

9  *in rem*, such that it is premised on the debtor and his estate, and not on the creditors) (internal

10  quotation marks omitted). Since the Motion for Relief is not an *action* on a contract (and instead is a

11  request for relief from an injunction*)*, Rule 17 is arguably inapplicable to the instant proceeding.

12          *b.        CitiMortgage Is Entitled to Enforce the Note Under California Law.*

13          Even assuming *arguendo* that Rule 17 is applicable to the Motion for Relief, CitiMortgage

14  qualifies as the real party in interest and otherwise has both Constitutional and prudential standing.

15  In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. <u>See</u>

16  <u>United States v. Butner</u>, 440 U.S. 48 (1979). Accordingly, in order to determine whether

17  CitiMortgage has standing to enforce the Note in this case, the court must look to the California

18  Commercial Code (the "CCC"), which is the substantive state law governing negotiable instruments.

19          The CCC provides in pertinent part:

20          [The] [p]erson entitled to enforce an instrument means (a) the holder of the
        instrument, (b) *a nonholder in possession of the instrument who has the rights of a*
21        *holder*, or (c) a person not in possession of the instrument who is entitled to enforce
        the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.
22

23  Cal. Com. Code § 3301.  (emphasis added). Section 1201 defines "Holder" as the "person in

24  possession of a negotiable instrument that is payable either to bearer or, *to an identified person that*

25  *is the person in possession*..." Cal. Com. Code § 1201(a)(21)(a). (emphasis added). A nonholder in

26  possession of an instrument includes any person who under applicable law is a *successor to the*

27  *holder or otherwise acquires the holder's rights*. Cal. Com. Code § 3301, *Note 1* (emphasis added).

28  /././

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1    Debtors contend that, because the Loan is owned by Freddie Mac, CitiMortgage lacks

2    standing to prosecute the Motion for Relief. In advancing this position, Debtors ignore and/or

3    misapply the clear weight of binding and persuasive authority in this district. As previously

4    discussed, CitiMortgage succeeded to the rights of ABN Amro, the original payee under the Note,

5    and CitiMortgage is in possession of the Note. (*See* Declaration, p. 11, ¶¶ 4 and 7). Debtors do not

6    dispute that ABN Amro qualified as the holder of the Note at the time the Loan was consummated.

7    Instead, Debtors argue that: (1) the Note was not properly *negotiated* to CitiMortgage; and (2)

8    CitiMortgage and Freddie Mac have conflicting claims to the Note.  Debtors' argument fails for two

9    reasons. First, CitiMortgage is not required to demonstrate that the note was properly negotiated in

10   order to establish its authority to enforce the Note. To the contrary, as the successor to ABN Amro,

11   CitiMortgage has the authority to enforce the Note as a nonholder. *See* Cal. Com. Code § 3301, Note

12   1. Second, Debtors fail to recognize the distinction between the owner and holder of a note.

13   Recently, the United States District Court for the Central District of California confronted this exact

14   issue in In re Hwang, 438 B.R. 661 (C.D.Cal.2010). The Hwang court concluded that the "real party

15   in interest" in whose name a cause of action must be prosecuted is the party with right to enforce a

16   claim under the applicable substantive law.  In fact, the Hwang court noted that a party that has the

17   right to enforce a note under California law qualifies as the real party in interest and has standing,

18   *regardless of whether that party is the owner of the note* or is in wrongful possession thereof. Id. at 3

19   (emphasis added). Moreover, the CCC specifically recognizes that the party entitled to enforce a

20   note may not be the note owner.[4] Based upon the foregoing, CitiMortgage has standing to enforce

21   the Note, regardless of whether Freddie Mac owns the Loan.

22                *c.*      *CitiMortgage Is Entitled to Enforce the Deed of Trust.*

23        It is well established that the transfer of a note secured by a deed of trust carries with it the

24   security, without any formal assignment or delivery, or even mention of the latter. Carpenter v.

25   _____

     [4] Cal. Com. Code § 3203 specifically recognizes that a person who has an ownership right in an instrument might not be
26   a person entitled to enforce the instrument. Note 1 to Cal. Com. Code § 3203 provides the following example: "[S]uppose
     X is the owner and holder of an instrument payable to X. X sells the instrument to Y but is unable to deliver immediate
27   possession to Y. Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y.
     Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to
28   enforce the instrument until Y obtains possession of the instrument.  No transfer of the instrument occurs under Section
     3-203(a) until it is delivered to Y." Accordingly, the holder of a note (or nonholder in possession) is entitled to enforce it,

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Longan, 83 U.S. 271, 275 (1873). In fact, California codified this principle in Cal. Civ. Code § 2936, which provides that "[t]he assignment of a debt secured by a mortgage carries with it the security." It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) § 5.4 (1997) (citing Carpenter v. Longan). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. Restatement (Third) of Property: Mortgages § 5.4 (1997) specifically states:

> (a)    A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;
>
> (b)    Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;
>
> (c)    A mortgage may be enforced only by, or on behalf of, a person who is entitled        to enforce the obligation the mortgage secures.

In this case, the Note is the obligation that is secured by the Deed of Trust. Pursuant to Supreme Court precedent and California law, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment. As previously discussed, CitiMortgage succeeded to ABN Amro's interest in, and currently has the right to enforce, the Note. It necessarily follows that CitiMortgage is the party entitled to enforce the Deed of Trust.

Based upon the foregoing, and contrary to Debtors' allegations, CitiMortgage has both Constitutional and prudential standing to prosecute the Motion for Relief. Indeed, CitiMortgage, as the party entitled to enforce the Note, has suffered a concrete injury in fact as a result of the Debtors' bankruptcy filing, i.e., it is unable to enforce the Note and Deed of Trust despite the Debtors' default. Moreover, CitiMortgage's injury can easily be redressed by this Court through the lifting of the automatic stay. Finally, pursuant to applicable law, CitiMortgage asserts its own interest in the Note and, therefore, has prudential standing to prosecute the Motion for Relief.

/././

/././

---

notwithstanding the subsequent sale of the note to another party.

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**B.     CITIMORTGAGE HAS MET ITS EVIDENTIARY BURDEN**

In furtherance of their attempt to unnecessarily delay the ruling on the Motion for Relief, Debtors make frivolous evidentiary objections to the Motion for Relief. Specifically, Debtors attack the competency of CitiMortgage's declarant, Eric Rose, on the grounds that he lacks personal knowledge of the matters he attests to. Not only do Debtors lose sight of the summary nature of the relief from stay hearing, but, once again, Debtors misapply the law.

**1.     CitiMortgage's Testimony Falls Within A Hearsay Exception.**

Generally, a witness testifying to an extrajudicial statement which is defined as not hearsay or is admissible under an exception to the hearsay rule is not required to have personal knowledge. One such exception to the hearsay rule is the business records exception of Rule 803(6) of the Federal Rules of Evidence.[5] The basis for the business records exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities. *See* Advisory Committee Note to Rule 803(6). Here, CitiMortgage satisfied the business records exception to the hearsay rule through the declaration testimony of Rose, who testified as follows:

1. I am over 18 years of age and am employed as a Bankruptcy Representative of CitiMortgage, Inc. In such capacity, I am authorized to make this declaration regarding the loan described below (the "Loan"). If called to testify in this matter, I would testify under oath as to the following:

2. I have access to and am familiar with CitiMortgage's books and records regarding the Loan, CitiMortgage's servicing records, and copies of the applicable Loan documents. I am familiar with the manner in which CitiMortgage maintains its books and records, including computer records relating to the servicing of the Loan. CitiMortgage's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded. Such

---

[5] Rule 803(6) provides as follows:
Records of Regularly Conducted Activity.-A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Fed. R. Evid. 803(6).

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1    records are obtained, kept and maintained by CitiMortgage in the regular course
2    of CitiMortgage's business.  CitiMortgage relies on such records in the ordinary
     course of its business.

3    *(See* Real Property Declaration, p. 11, ¶¶ 1-2).

4         **2.    CitiMortgage Properly Authenticated the Documentary Evidence in
               Support of the Motion for Relief.**
5

6         Federal Rule of Evidence 901(a), made applicable to this case by Federal Rule of Bankruptcy

7    Procedure 9017, provides that the "requirement of authentication or identification as a condition

8    precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in

9    question is what its proponent claims." Rule 901(a) merely requires that a proponent of documentary

10   evidence

11   make a showing sufficient to permit a reasonable juror to find that the evidence is what it purports to

12   be. See United States v. Sutton, 694 F.2d 1325, 1330 (D.C. Cir. 1982). Ultimately, the sufficiency of

13   authentication rests in the sound discretion of the court. Security Farms v. International Broth., 124

14   F.3d 999 (9th Cir. 1997).

15        Based on Rose's aforementioned declaration testimony, CitiMortgage submits that it has

16   presented sufficient evidence of the authenticity of the Note and Deed of Trust for purposes of Rule

17   901(a) of the Federal Rules of Evidence. Indeed, CitiMortgage has presented evidence by way of

18   declaration testimony that establishes: (1) the authenticity of the copy of the Note and Deed of Trust;

19   and (2) that CitiMortgage is in rightful possession of the Note. Aside from contending that the Note

20   does not contain an endorsement and Freddie Mac, not CitiMortgage, owns the Loan, Debtors do not

21   produce any evidence whatsoever to suggest that the Note and Deed of Trust are unauthentic.

22   Without citing to any credible legal authority, Debtors suggest that CitiMortgage should be required

23   to produce the original Note.  In light of the fact that the Motion for Relief does not represent an

24   action to enforce the Note and/or Deed of Trust, and taking into account that CitiMortgage is not

25   even required to produce the original Note to foreclose upon the Property, Debtors' request for

26   presentment of the original Note must be denied.[6]

27   ───────────────
28   [6] It is well settled under California law that neither a recorded assignment of the deed of trust nor possession of the
     promissory note is necessary to non-judicially foreclose on a deed of trust. See Stockwell v. Barnum, 7 Ca.App. 413
     (1908); see also Pantoja v. Countrywide Home Loans, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009).

1
2

**C.   DEBTORS FAIL TO MEET THEIR BURDEN IN ESTABLISHING THAT THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION**

3

**1.    Legal Standard.**

4

5

6

7

In the context of a relief from stay proceeding, the debtor has the burden to establish that a property is necessary for an effective reorganization. See United Savings Association of Texas v. Timbers of Inwood Forest Associates, LTD., 484 U.S. 365, at 375-376 (1998).  The Supreme Court articulated the standard as follows:

8
9
10

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*.  This means, as many lower courts have properly said, that there must be a "reasonable possibility of a successful reorganization within a reasonable time" (citations omitted; emphasis in original).

11
12

**2.    Debtors Fail to Demonstrate that the Property is Necessary to An Effective Reorganization.**

13

14

15

16

17

18

19

20

21

Debtors' aforementioned Supplement Brief and supporting declaration fall miserably short of demonstrating that the Property is necessary for an effective reorganization. Essentially, Debtors argue that the Property is necessary to their Chapter 11 reorganization because they are entitled to avoid the junior lien on the Property.  More specifically, Debtors assert that they have interests in two properties, including their principal residence and the Property, both of which have second liens that Debtors seek to avoid or modify through their Chapter 11 Plan.  Debtors' brief is fatally devoid of sufficient factual information to establish any possibility (let alone a reasonable possibility) of a successful reorganization within a reasonable time. In fact, as discussed below, the record before the court evidences that the Property is *not* necessary to an effective reorganization.

22

23

24

25

26

Debtors' sworn schedules reflect that there are no lease agreements for the Property and that the Property is not producing income. (*See* Schedules J and G). Even assuming *arguendo* that Debtors are able to confirm a Chapter 11 Plan that modifies CitiMortgage's claim by extending the maturity date of the Loan and reducing the interest rate to a favorable 6% per annum,[7] Debtors will, nonetheless, lack sufficient income to maintain the modified payments. Indeed, Debtors' Schedules I

27
28

---

[7] Debtors cannot reduce CitiMortgage's secured claim pursuant 11 U.S.C. § 506 because Debtors' valuation of the Property, $270,000.00, is higher than CitiMortgage's claim of approximately $257,524.70. In other words, CitiMortgage is an oversecured, not undersecured, creditor.

1  and J (which do not even appear to take into account the monthly mortgage payments for the

2  Property) reflect that Debtors' have monthly net income of $<932.00>. Assuming Debtors are able

3  to procure a modified monthly payment of approximately $1,500.00 (the approximate principal and

4  interest payment for the Loan if reamortized for a 30 year term at an interest rate of 6% per annum),

5  Debtors will have insufficient monthly income to satisfy their debt obligations. Debtors' schedule J

6  already understates the extent of the monthly mortgage payment due and owing to Deutsche Bank,

7  the senior lienholder on the Debtors' primary residence.[8] Since Deutsche Bank's claim is secured by

8  the Debtors' primary residence, it is protected by the anti-modification provisions of Chapter 11. *See*

9  11 U.S.C. § 1123(b)(5). Taking into account only Deutsche Bank's claim (without reference to any

10  other monthly expenses) Debtors would have insufficient income to satisfy even a modified debt

11  obligation to CitiMortgage. It is clear that Debtors cannot afford the monthly mortgage payments on

12  their principal residence *alone*. Assuming the Debtors intend to keep their primary residence, they

13  cannot justify retaining the Property, as it is not income producing and is otherwise unaffordable.

14  Ultimately, Debtors have failed to demonstrate any reasonable prospect of reorganization in this

15  case. Consequently, CitiMortgage is entitled to relief from the automatic stay.

16  **D.    DEBTORS' LIBELOUS ALLEGATIONS REGARDING FRAUD MUST BE
17         STRIKEN**

18         Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike from a

19  pleading "any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f).

20  Motions to strike may be granted if "it is clear that the matter to be striken could have no possible

21  bearing on the subject matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814

22  F.Supp. 820, 830 (N.D.Cal. 1992). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the

23  expenditure of time and money that must arise from litigating spurious issues by dispensing with

24  those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1993).

25  Rule 9014 of the Federal Rules of Bankruptcy Procedure does not make Rule 12 applicable to

26  contested matters. However, Rule 9014 provides, in pertinent part: "[t]he court may at any stage in a

27  particular matter direct that one or more of the other rules in Part VII shall apply to contested

28  ───────────────
[8] Deutsche Bank's Motion for Relief from the Automatic Stay reflects that Debtors' monthly payments are in the amount of $4,557.37. (*See Docket Number 14*).

1  matters." Fed. R. Civ. P. 9014(c). Thus, Rule 12, through the application of Rule 7012 of the Federal

2  Rules of Bankruptcy Procedure, may be made applicable to contested matters.

3          Ironically, due to Debtors' own misunderstanding of the law, Debtors allege that

4  CitiMortgage and its counsel have engaged in fraud in the instant case. More specifically, Debtors

5  make the following allegations:

6          ▪ "Assertions made by CitiMortgage and its counsel, Pite Duncan are false and is fraud

7              upon this Court" (Objection p. 2:9)

8          ▪ "This is not the only time Pite Duncan committed fraud upon the Court by bringing

9              this type of Motion for Relief from Automatic Stay by asserting false claim [*sic*] as

10             to ownership of mortgage" (Objection, p. 2:12)

11         ▪ "Here, the Declaration and evidence under penalty of perjury are false on its face.

12             Action taken by CitiMortgaeg and its counsel Pite Duncan are blatant fraud

13             committed upon the Court in this case and many others with the hope that a default

14             judgment can be obtained" (Objection, p. 3:5)

15         ▪ It is not uncommon in the bankruptcy context to see Motions from Relief from Stay

16             [*sic*] being brought by servicer [*sic*] such CitiMortgage with false declaration

17             asserting standing" (Objection, p. 9:13).

18         Without waiving any of their respective rights to pursue an action against the Debtors and/or

19  their counsel for libel, CitiMortgage and Pite Duncan, LLP ("Pite Duncan") request that the court

20  strike any and all averments in the Objection suggesting that either entity has engaged in fraud.

21  Debtors' allegations are without any legal or factual basis whatsoever. First, Debtors fail to establish

22  any of the elements for fraud. The elements of fraud are: (a) misrepresentation (false representation,

23  concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to

24  defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e)

25  resulting damage. See, *e.g.*, Flaxel v. Johnson, 541 F.Supp.2d 1127, 1145 (S.D.Cal. 2008); Johnson

26  v. First Fed. Bank of California, 2008 WL 2705090, at *5 (N.D.Cal. 2008); Lazar v. Superior Court,

27  12 Cal.4th 631 (1996); Buckland v. Threshold Enters., Ltd., 155 Cal.App.4th 798, 806-07 (2007).

28  Debtors allege in several instances that CitiMortgage and Pite Duncan have perpetrated a fraud on

1    the Court. However, Debtors' allegations are unsupported by any valid factual enhancement.

2    Instead, Debtors' allegations are premised upon their erroneous belief that Freddie Mac, as the

3    owner of the Loan, is the party with standing to prosecute the Motion for Relief.

4          Second, Debtors altogether fail to satisfy the pleading requirements of Rule 9 of the Federal

5    Rules of Civil Procedure, made applicable to this proceeding by Rules 7009 and 9014 of the Federal

6    Rules of Bankruptcy Procedure.  Pursuant to Rule 9(b), "[i]n alleging fraud…, a party must state

7    with particularity the circumstances constituting the fraud…" To satisfy Rule 9(b)'s standard, a

8    pleading must allege "particular facts going to the circumstances of the fraud, including time, place,

9    persons, statements made and an explanation of how or why such statements are false or

10   misleading." Morris v. BMW of N. Am., LLC, 2007 WL 3342612, at *3 (N.D.Cal. 2007) (citations

11   omitted). A pleading must also "set forth what is false or misleading about a statement, and why it is

12   false. In other words, the plaintiff must set forth an explanation as to why the statement or omission

13   complained of was false or misleading." In re Glenfed, Inc. Securities Litig., 42 F.3d 1541, 1548

14   (9th Cir. 1994) (en banc). In the context of a fraud suit involving multiple defendants, a plaintiff

15   must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. Swartz v.

16   KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (citation omitted). In a fraud action against a

17   corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent

18   representations, their authority to speak, to whom they spoke, what they said or wrote, and when it

19   was said or written." Saldate v. Wilshire Crediti Corp., 2010 WL 624445 (E.D.Cal. 2010) (quoting

20   Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157 (1991). Debtors' allegations of

21   fraud lack the particularity required by Rule 9. In fact, Debtors' allegations are so lacking in factual

22   and legal support that they amount to bad faith on the part of the Debtors and their counsel. Based

23   upon the foregoing, CitiMortgage and Pite Duncan request that all references to fraud in the

24   Debtors' Objection be stricken.

25   /./.

26   /./.

27   /./.

28   /./.

**REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1

### IV.    CONCLUSION

2

For all the foregoing reasons, CitiMortgage's Motion for Relief must be granted.

3

**WHEREFORE,** CitiMortgage respectfully requests:

4

1.      That the Court grant CitiMortgage's Motion for Relief;

5

2.      That the Court order that Debtors' allegations of fraud on the part of CitiMortgage

6

and Pite Duncan be stricken from the Objection;

7

3.      For reasonable attorneys' fees and costs; and

8

4.      For such other and further relief as this Court deems just and proper.

9

10

Respectfully submitted,

11

PITE DUNCAN, LLP

12

13

Dated: March 4, 2011                          By: /s/  *Catherine T. Vinh*

14

Catherine T. Vinh
Attorneys for CITIMORTGAGE, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28