**GLOBAL CAPITAL LAW**
Gary Harre, Esq. (86398)
Diane Beall (86877)
8700 Warner Ave., Ste 200
Fountain Valley, CA 92708
Phone   (714) 907-4182
Fax       (714) 907-4175
Email: ghcmecf@gmail.Com

Attorneys for Debtors, THUAN X. NGUYEN AND TAMMY H. NGUYEN

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In Re: | **Case No. 8:10-BK-21730-RK** |
| THUAN X. NGUYEN AND TAMMY H. NGUYEN | **CHAPTER 11** |
| Debtors. | **DEBTORS REQUEST FOR JUDICIAL NOTICE OF DECLARATION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A1 IN SUPPORT OF DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY RE 3394 CARMEL DR, COSTA MESA, CA [PACER DOC 53] AND REQUEST FOR EVIDENTIARY HEARING [PACER DOC 55].** |
| | HEARING DATE:  03/08/2011
HEARING TIME:   10:30 AM
CTRM: 5D |

    Debtors Thuan X. Nguyen and Tammy H. Nguyen (hereinafter "DEBTORS" or "NGUYEN"), by and through their undersigned counsels, pursuant to Federal Rules of Evidence, Rule 201 (b), hereby requests that the Court take judicial notice of Deutsche Bank National Trust Company (hereinafter "DBNTC") responses, dated February 14, 2011, to Administrative Order 01-2010 before the New Jersey Superior Court.

    DBNTC responded to the Court as to its role in relating to foreclosure as Trustee of residential mortgage-backed securitization ("RMBS") trusts.  A true and correct copy is attached herewith as Exhibit 1 and is accessible via the internet at http://www.judiciary.state.nj.us/superior/documents.htm.

1  The law firm Barrett Daffin Frappier Treder & Weiss, LLP represented to the Court that it represents DBNTC and brought the Motion for Relief from Automatic Stay on its behalf. *See* Pacer Doc 45. However, DBNTC, in its declaration, stated to the contrary. DBNTC do not pursue foreclosure proceedings. *See* Reyes' decl. ¶¶ 5 and 6. DBNTC in its capacity RMBS trustee hold legal title for the benefit of investors in RMBS. The fact that DBNTC as RMBS trustees do not handle foreclosures has been recognized universally in treatises, securitization agreements, and submissions filed by DBNTC's servicers in response to an order to show cause issued by New Jersey Superior Court Judge Jacobson in an action styled as *IN the Matter of Residential Mortgage Foreclosure Pleadings and Document Irregularities*, Docket No. F-059553-10. *See* DBNTC response, Page 2.

While this matter is in different jurisdiction; however, DBNTC is judicially stopped from asserting contrary position previously made.

Date: 03/07/2011

Global Capital Law;

_____
Gary Harre, Esq.
Diane Beall, Esq.
Attorneys for Debtors

FILED Feb 15, 2011

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: 609 919.6600
Fax 609 919.6701
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

RANDALL B SUNBERG
Partner-in-Charge

John P. Lavelle, Jr.
Partner
609 919 6688
jlavelle@MorganLewis.com

February 14, 2011

**VIA HAND DELIVERY**

Honorable Walter R. Barisonek
Union County Superior Court
First Floor Rotunda
Two Broad Street
Elizabeth, New Jersey 07201

**RECEIVED**
FEB 15 2011
SUPERIOR COURT
CLERK'S OFFICE

Re:   Administrative Order 01-2010

Dear Judge Barisonek:

I write on behalf of our clients Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas,[1] each acting solely in its capacity as trustee for certain residential mortgage-backed securitization trusts (collectively, "the Trustees"), in response to Administrative Order 01-2010, as modified on January 31, 2011 (the "Modified Order"). This letter and the accompanying Certification of Ronaldo Reyes dated February 11, 2011 constitute the Trustees' response to the Modified Order.

The Modified Order requires 24 named recipients (the "Recipients") to respond to the following three topics.

   (1) whether it or any affiliate engages in servicing residential mortgage loans itself and, if so, for what entities, and the number of loans it or its affiliates serviced for each such entity in New Jersey in 2010;

---

[1] The Modified Order and the initial Administrative Order are addressed to "Deutsche Bank, N A " The Trustees believe that either DBNTC or DBTCA was intended to be the Deutsche Bank entity to which the Modified Order was issued, and therefore they jointly file this response To the best of the Trustees' knowledge, they have not been served with the initial Administrative Order dated December 20, 2010 or the Modified Order, and they expressly retain and do not waive any rights in that regard.

Princeton   Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Pittsburgh   Chicago   Minneapolis
Palo Alto   Dallas   Houston   Harrisburg   Irvine   Boston   Wilmington   London   Paris   Brussels   Frankfurt   Beijing   Tokyo

Hon Walter R. Barisonek
February 14, 2011
Page 2

**Morgan Lewis**
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

(2) whether others service residential mortgage loans on its behalf or on behalf of any of its affiliates and, if so, the names of such servicers and the number of loans serviced by each in New Jersey in 2010; and

(3) any other information relevant to its ability to make the demonstration originally contemplated by the Administrative Order regarding lack of irregularity in the handling of foreclosure proceedings.

According to the Modified Order, the Recipients are "Foreclosure Plaintiffs Filing 200 or more residential mortgage foreclosure actions in 2010." (Modified Order, at 1.) Although the Modified Order appears to be directed to one or both of the Trustees, neither Trustee actually meets the criteria for selection because neither Trustee initiated more than 200 foreclosures in New Jersey in 2010 for the following two reasons.

First, the Trustees serve as corporate trustees for certain residential mortgage-backed securitization ("RMBS") trusts. In their capacities as RMBS trustees, the Trustees, as the legal representatives of the securitization trusts, hold legal title to pools of mortgage loans owned by the securitization trusts for the benefit of investors in mortgage-backed securities The agreements (typically styled as Pooling and Servicing Agreements or "PSAs") that govern the trusts for which the Trustees act as trustee (the "Trusts") designate mortgage loan servicers—not the Trustees—to be exclusively responsible for servicing the mortgage loans held in the Trusts The loan servicers are responsible for, among other servicing responsibilities, initiating foreclosure proceedings and managing all foreclosure activity.

Confusion may arise from the fact that servicers typically bring foreclosure actions in the name of "[trustee], as trustee for [trust]" because a trustee, in its capacity as the legal representative of the trust, owns the collateral that evidences the trust's interest in the mortgage loan being foreclosed The foreclosure actions, however, are filed and managed solely by the loan servicers, not the Trustees The fact that RMBS trustees do not handle foreclosures has been recognized universally in treatises, securitization agreements, and submissions filed by servicers in response to an order to show cause (the "OTSC") issued by New Jersey Superior Court Judge Jacobson in an action styled as *In the Matter of Residential Mortgage Foreclosure Pleading and Document Irregularities*, Docket No F-059553-10.[2] Thus, the Trustees did not file any residential mortgage foreclosure actions in 2010.

Second, even if this Court were to treat foreclosure actions brought on behalf of the Trusts as having been brought by the Trustees instead of the loan servicers—which would be incorrect—

---

[2] *See e g* JPMorgan Chase response to OTSC, at 5, n.3, Wells Fargo response to OTSC, at 5, n 3 The servicers' written submissions in response to the order to show cause are available via the following link http://www.judiciary.state.nj.us/superior/documents.htm.

Hon. Walter R. Barisonek
February 14, 2011
Page 3

**Morgan Lewis**
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

the Trustees nevertheless would not have been plaintiffs in more than 200 foreclosure actions in New Jersey in 2010 because: (i) an entity acting in its individual capacity is a separate legal entity from that same entity acting in a trustee capacity, and (ii) an entity acting in a trustee capacity on behalf of one trust is a separate legal entity from that same entity acting as a trustee for another trust. In other words, DBNTC and DBTCA, each acting solely in its trustee capacity, is a separate legal entity from DBNTC and DBTCA acting in their individual capacities and in their capacities as trustee for other securitization trusts.

Given that clarification, and in light of the criteria for selection of the Recipients, the Trustees may not be proper Recipients of the Modified Order. Nevertheless, the Trustees submit the enclosed Certification in compliance with the Modified Order. If you have any questions, please feel free to contact me.

Respectfully,

*/s/ John P. Lavelle, Jr. /MAL*

John P. Lavelle, Jr.

Enclosure

IN THE SUPERIOR COURT OF NEW JERSEY
UNION COUNTY

| | |
|---|---|
| IN THE MATTER OF RESIDENTIAL MORTGAGE FORECLOSURE PLEADING AND DOCUMENT IRREGULARITIES | Administrative Order 01-2010<br><br>Docket No. F-238-11<br><br>Special Master Walter R. Barisonek |

I, Ronaldo Reyes, hereby certify that the following is true and correct

1. I am employed by Deutsche Bank National Trust Company ("DBNTC"), and I am a Vice President of DBNTC and Deutsche Bank Trust Company Americas ("DBTCA," and together with DBNTC, the "Trustees") In my present position, my duties and responsibilities include, among other things, managing trust administrators

2. I make this certification on behalf of DBNTC and DBTCA, each acting solely in its capacity as trustee for certain residential mortgage-backed securitization trusts, in response to Administrative Order 01-2010 issued by the Honorable Glenn A Grant, J.A D , Acting Administrative Director of the Courts, on December 20, 2010, as modified on January 31, 2011 (the "Modified Order").

3. The Modified Order requires 24 named recipients (the "Recipients") to respond to the following three topics.

    (1) whether it or any affiliate engages in servicing residential mortgage loans itself and, if so, for what entities, and the number of loans it or its affiliates serviced for each such entity in New Jersey in 2010,

    (2) whether others service residential mortgage loans on its behalf or on behalf of any of its affiliates and, if so, the names of such servicers and the number of loans serviced by each in New Jersey in 2010; and

    (3) any other information relevant to its ability to make the demonstration originally contemplated by the Administrative Order regarding lack of irregularity in the handling of foreclosure proceedings.

### The Trustees Do Not Act as Servicers of Residential Mortgage Loans (Topic 1)

4. The Trustees serve as trustees for certain residential mortgage-backed securitization ("RMBS") trusts (the "Trusts"). As RMBS trustees, the Trustees, as the legal representative of the Trusts, hold legal title to pools of mortgage loans owned by the Trusts for the benefit of investors in mortgage-backed securities.

5. The Trustees interpret "servicing residential mortgage loans" as that phrase is used in the Modified Order as referring to the day-to-day management of loan accounts, including: collecting payments, paying taxes and insurance, performing property maintenance, engaging in loss mitigation efforts to permit borrowers to maintain their homes, and pursuing foreclosure proceedings.

6. The Trustees do not perform any of the functions that are described in paragraph 5. The agreements (typically styled as Pooling and Servicing Agreements or "PSAs") that govern the trusts for which the Trustees serve as trustee designate mortgage loan servicers—not the Trustees—to be exclusively responsible for servicing the mortgage loans, which includes, among other responsibilities, initiating foreclosure proceedings and managing all foreclosure activity. The Trustees do not designate the loan servicers, nor are the loan servicers agents of the Trustees

### Servicers Do Not Service Loans on Behalf of the Trustees but Rather on Behalf of the Trusts For Which the Trustees Serve as Trustee (Topic 2)

7. No entity services loans on behalf of the Trustees. The Trustees and the loan servicers that are appointed by the PSAs each perform their designated functions on behalf of the Trusts. In other words, the loan servicers who service mortgage loans that have been pooled and sold into a securitization trust are performing services on behalf of the Trusts, not on behalf of the Trustees

Case 8:10-bk-21730-RK    Doc 67    Filed 03/07/11    Entered 03/07/11 18:05:07    Desc
Main Document    Page 8 of 11

8. The table in Appendix A identifies the entities that act as loan servicers for the Trusts for which the Trustees serve as trustee, and the number of mortgage loans for New Jersey properties that each loan servicer was servicing on behalf of the Trusts as of December 2010, based on the information readily available to the Trustees and subject to the exceptions noted below.

9    First, the information in the table in Appendix A—which identifies the mortgage loans being serviced by loan servicers for the Trusts for which the Trustees serve as trustee as reported by those loan servicers to the Trustees in December 2010—is slightly different from the request as phrased in the Modified Order, which called for the Recipients to identify the number of loans serviced in 2010. The Trustees hope that the information in Appendix A, which was readily available, satisfies the Court's inquiry because it identifies which entities serviced loans for the Trusts and the approximate volume of the mortgage loans that they serviced for the Trusts.

10. Second, the table in Appendix A is based on loan-level data that the Trustees received from loan servicers to enable the Trustees to facilitate certain payment to bondholders However, for a number of Trusts, a party other than the Trustees handles those payment responsibilities (typically referred to as a "securities administrator"). With respect to the Trusts for which the Trustees serve as a trustee but not as a securities administrator, the Trustees do not receive loan-level data. Accordingly, the servicing data reflected in Appendix A does not include information related to mortgage loans held by Trusts for which the Trustees serve as a trustee but not as a securities administrator.

11. Third, PSAs commonly designate a "master servicer" although there may be additional servicers that perform servicing functions. For mortgage loans associated with the

Trusts that involve a master servicer, Appendix A recognizes the master servicer or servicer that provided the servicing data for each mortgage loan as the servicer for that loan

12. The Modified Order also inquires as to whether any servicer services loans on behalf of an affiliate of the Recipients  The Trusts have no affiliates, and therefore the Trustees have no affiliates.

### The Servicers, Not the Trustees, Are in the Best Position to Respond to Further Inquiries by the Court Concerning Foreclosure Practices and Procedures (Topic 3)

13. The loan servicers for the Trusts, not the Trustees, initiate and handle foreclosures on behalf of the Trusts. Accordingly, the practices and procedures employed in connection with any given foreclosure of a mortgage loan owned by a particular securitization trust are determined by the procedures of the loan servicers for that particular trust, not those of its trustee. For this reason, the Trustees would not be in the best position to address further inquiries by the Court concerning any possible "irregularity in the handling of foreclosure proceedings."

Exhibit 1

I certify that the foregoing statements made by me are true  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date: February 11, 2011

*Ronaldo Reyes* (signed)

Appendix A

| Servicer | Number of Mortgage Loans Serviced in New Jersey for the Trusts as of December 2010 |
|---|---|
| American Home Mortgage Servicing, Inc. and Subsidiaries | 2,559 |
| BAC Home Loans Servicing, LP | 1,316 |
| The Bank of New York Mellon | 7 |
| Carrington Mortgage Services, LLC | 340 |
| Chase Home Finance, LLC | 2,683 |
| GMAC Mortgage, LLC | 152 |
| Home Loan Services, Inc. | 93 |
| Impac Funding Corporation | 277 |
| Litton Loan Servicing LP and Subsidiaries | 537 |
| Ocwen Loan Servicing, LLC | 1,922 |
| OneWest Bank, FSB | 2,454 |
| PennyMac Loan Services, LLC | 22 |
| Saxon Mortgage Services, Inc | 544 |
| Select Portfolio Servicing, Inc. and Subsidiaries | 175 |
| Special Loan Servicing, LLC | 91 |
| Wells Fargo Bank, N A | 1,049 |