**GLOBAL CAPITAL LAW, PC**
Gary Harre, Esq. (86938)
Diane Beall, Esq. (86877)
8700 Warner Ave., Ste 200
Fountain Valley, CA 92708
Phone   (714) 907-4182
Fax       (714) 907-4175
Email: ghcmecf@Gmail.Com

ATTORNEY FOR DEBTOR,
   THUAN X. NGUYEN & TAMMY H. NGUYEN

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>   THUAN X. NGUYEN<br>   TAMMY H. NGUYEN<br><br>          Debtors | **Case No. 8:10-bk-21730-RK**<br><br>Chapter 11<br><br>DEBTORS' NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.<br><br>[FRCP Rule 59(e) made applicable to Bankruptcy Proceedings by Federal Rules of Bankruptcy Procedure 9023]<br><br>DATE:     APRIL 5, 2011<br>TIME:      2:30 PM<br>CRTRM:  5D<br><br>Hon. Robert Kwan<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

**TO CITIMORTGAGE, INC. AND ALL INTERESTED PARTIES:**

**NOTICE IS GIVEN** that under Rule 59(e) of Federal Rules of Civil Procedure ("FRCP") made applicable to Bankruptcy Proceedings by Federal Rules of Bankruptcy Procedure 9023, Debtors Thuan X. Nguyen and Tammy H. Nguyen, by and through their counsels, will move this Court to alter or amend the Judgment entered on March 8, 2011, granting CITIMORTGAGE, INC., SUCCESSOR BY

MERGER WITH ABN AMRO MORTGAGE GROUP, INC. ("CITIMORTGAGE" or "Movant") motion for relief from the automatic stay on real property located at 1149 S. Arapaho Dr., Santa Ana, CA 92704. The basis of the Motion is that there was a clear error in the Court's ruling that Citimortgage has legal standing to bring this motion in its own name as the owner of this mortgage despite its own admission in its moving papers that another party (Freddie Mac) is the owner of this mortgage in question. Under 11 U.S.C. § 362(d), the party seeking stay relief **must** establish standing and be a party in interest. Citimortgage brought the motion in its own name as the owner of a secured mortgage and only after Debtors objected to the motion, Citimortgage admitted that it is not the owner; rather, Freddie Mac is the owner of the subject mortgage. In short, Citimortgage failed to establish standing, which cannot be waived to confer jurisdiction upon this court to hear this motion.

DATED: 03/09/2011                                        Global Capital Law, P.C.;

_____
Gary Harre, Esq.
Diane Beall Esq.
Attorneys for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtors hereby submit the following memorandum of points and authorities in support of their Motion to Alter or to Amend the granting of Motion for Relief from the Automatic Stay on March 8, 2011.

### I. SUMMARY OF ARGUMENT

On March 8, 2011, the Court granted Citimortgage's Motion for Relief from the Automatic Stay. In so ruling, the Court mistakenly found that Citimortgage has legal standing to bring the motion despite its own admission that Freddie Mac is the owner of the subject mortgage. Citimortgage's admission did not happen until debtors objected to the motion. Rather than denying the motion in which this Court did not have jurisdiction to hear, the Court granted this motion.

This ruling is in clear error because it is in contradiction to applicable Bankruptcy Codes and Ninth Circuit law. Under 11 U.S.C. § 362(d), the party seeking stay relief **must** establish standing and be a party in interest is unequivocal. Citimortgage in its own moving paper stated that "**Freddie Mac is the current owner of the Loan.**" *See* Pacer Doc No. 63, Page 6 of 19, line 26 -27. Furthermore, FRCP Rule 17, made applicable by Rules 7017 and 9014 of FRBP, provides that *an action* must be prosecuted in the name of the real party in interest. Fed.R.Civ.P. 17(a)(1) (emphasis added). By Citimortgage's own admission, the real party in interest is Freddie Mac, NOT Citimortgage.

Accordingly, Debtors respectfully request that this Court alter or amend the finding of fact that Citimortgage has legal standing as real party in interest to bring the Motion for Relief from the Automatic Stay and that this Court has jurisdiction to hear such motion.

### II. STATEMENT OF RELEVANT FACTS

The following is a list of relevant facts of this case:

- CitiMortgage, through its counsel Pite Duncan, LLP, brought the Motion for Relief from the Automatic Stay under 11 USC §362 in its own name on or

about 01/18/2011. *See* Pacer Doc. 43. Movant asserts in the Motion that it has legal standing as beneficiary under the Deed of Trust which secured the promissory note[1]. Furthermore, under the penalty of perjury, Eric Rose, a Bankruptcy Specialist of CitiMortgage, Inc. stated that "<u>CitiMortgage's records reflect that CitiMortgage, Inc., successor by merger with ABN AMRO Mortgage Group, Inc. holds possession of the original note</u>.

- Debtors objected to the motion and asserted that Citimortgage did not have interest in the subject mortgage. Rather, Freddie Mac is the owner. *See* Pacer Doc. 46.

- Citimortgage replied to Debtors' objection and admitted that "***<u>Freddie Mac is the current owner of the Loan.</u>***" *See* Pacer Doc No. 63, Page 6 of 19, line 26-27.

- On March 8, 2011, the Court ruled that Citimortgage has legal standing as movants and granted Citimortgage's Motion for Relief from the Automatic Stay.

**III.    CONSTITUTIONAL STANDING CANNOT BE WAIVED AND THIS COURT HAS NO JURISDICTION TO RULE ON THE MOTION.**

This motion is brought pursuant to FRCP 59 (e), made applicable to Bankruptcy Proceedings by Federal Rules of Bankruptcy Procedure 9023, to alter or amend the judgment. The Motion is timely because it is filed within 28 days from March 8, 2011, the entry of the judgment. A motion to alter or amend the judgment will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F3d 887, 890 (9th Cir. 2000). *See also*, <u>Santamarina v. Sears, Roebuck & Co.</u>, 466 F3d 570, 572 (7th Cir 2006).

---

[1] *See* Real Property Declaration, F4001-1M.RP, Section 7.

Debtors respectfully contend that there was clear error made by the Court granting CitiMortgage Motion for Relief from the Automatic Stay because Freddie Mac is the owner of the subject Loan.

Assertions made by CitiMortgage and its counsel, Pite Duncan are false and is fraud upon this Court. In most cases, debtors failed to object to such motion or unable to bring evidence to show that CitiMortgage was not the owner of the loan, the Motion would have been granted. In this case, Debtors through their counsel, spent substantial amount of time conducting investigation and brought to the Court's attention that Freddie Mac is the owner of the subject loan. Only until then, CitiMortgage conceded that it was not the owner of the loan in which the motion was brought in its own name.

This is clear fraud committed upon the Court by CitiMortgage and its counsels in bringing this type of Motion for Relief from Automatic Stay by asserting false claim as to ownership of mortgage.

As limited as the issues are in a stay relief proceeding, the party seeking stay relief must establish standing and be a party in interest. 11 U.S.C. § 362(d); In re Wilhelm, 407 B.R. 392, 398 (Bankr. D. Idaho 2009).

The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under the Constitution's Article III. *Id.* at 498-99; Pershing Park Villas, 219 F.3d at 899; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).

The "irreducible constitutional minimum of standing" requires a showing that the plaintiff has suffered an actual, concrete and particularized injury in fact, caused by the defendant's conduct, which a favorable judgment will likely redress. Lujan v. Defenders of Wildlife, 504 U.S. at 560. Constitutional standing is a "threshold

jurisdictional requirement, and cannot be waived." Pershing Park Villas, 219 F.3d at 899-900; Warth v. Seldin, 422 U.S. at 498-99; In re Jacobson, 402 B.R. 359, 366-67 (Bankr. W.D. Wash. 2009).

CitiMortgage conceded that it was not the owner of the mortgage in which the Motion for Relief from the Automatic Stay it brought in its own name. However, CitiMortgage asserted that it has possession of the note. Therefore, CitiMortgage contended that it has standing to bring the Motion.

Mere possession of the Note does not make CitiMortgage a "holder" of the Note. Under California law, to qualify as a holder, one must be in possession of the instrument, and the instrument must be properly endorsed. Cal. Comm. Code ("CComC") § 1201(21); In re Hwang, 396 B.R. at 762. Although the payee of an instrument may negotiate it, the payee must indorse it as well as deliver it to another person, who then can become its holder. CComC § 3201, 1201(21)(A). There is no evidence in the record that CitiMortgage has ownership interest in this loan by virtue of its acquisition of the original lender, ABN AMRO Mortgage Corp. In fact, CitiMortgage, in its moving papers, conceded that it has NO ownership interest in the loan. Rather, Freddie Mac is the owner of the loan. Thus, mere possession of the Note and Deed of Trust does not provide CitiMortgage with standing.

## CONCLUSION

For on the foregoing reasons, Debtors respectfully request that the Court grant their Motion, and alter or amend the granting of CitiMortgage's Motion for Relief from the Automatic Stay on the basis that CitiMortgage has legal standing to bring the motion in its own name despite the fact that Freddie Mac is the owner of the Loan.

DATED: 03/09/2011                    Global Capital Law, P.C.

                                     _____
                                     Gary Harre, Esq.
                                     Attorneys for Debtors