1 | **GLOBAL CAPITAL LAW, PC**
Gary Harre, Esq. (86938)
2 | Diane Beall, Esq. (86877)
8700 Warner Ave., Ste 200
3 | Fountain Valley, CA 92708
Phone   (714) 907-4182
4 | Fax      (714) 907-4175
Email: ghcmecf@Gmail.Com
5 |
ATTORNEY FOR DEBTOR,
6 |     THUAN X. NGUYEN & TAMMY H. NGUYEN

7 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
8 | **SANTA ANA DIVISION**

9 |

10 |
In re                                                                )   **Case No.  8:10-bk-21730-RK**
11 |                                                                     )
          THUAN X. NGUYEN                              )   Chapter 11
12 |        TAMMY H. NGUYEN                            )
                                                                        )   *EX PARTE* APPLICATION TO STAY
13 |                                                                    )   ENFORCEMENT OF RELIEF FROM
                      Debtors                                     )   THE AUTOMATIC STAY.
14 |                                                                    )
                                                                        )   [FRCP Rule 62(b) made applicable to
15 |                                                                    )   Bankruptcy Proceedings by Federal
                                                                        )   Rules of Bankruptcy Procedure 9024]
16 |                                                                    )
                                                                        )
17 |                                                                    )   Honorable Robert Kwan
                                                                        )   411 West Fourth Street, Suite 5165
18 |                                                                    )   Santa Ana, CA 92701-4593
                                                                        )
19 |                                                                    )

20 | **TO THE CLERK OF THE U.S. BANKRUPTCY COURT, CITIMORTGAGE,**

21 | **INC. AND ALL INTERESTED PARTIES:**

22 |          **NOTICE IS GIVEN** that under Rule 62(B) of Federal Rules of Civil

23 | Procedure ("FRCP") made applicable to Bankruptcy Proceedings by Federal Rules

24 | of Bankruptcy Procedure 9024, Debtors Thuan X. Nguyen and Tammy H. Nguyen,

25 | by and through their counsels, hereby apply by *Ex Parte* to stay enforcement of the

26 | order on March 8, 2011, granting CITIMORTGAGE, INC., SUCCESSOR BY

27 | MERGER WITH ABN AMRO MORTGAGE GROUP, INC. ("CITIMORTGAGE"

28 | or "Movant") motion for relief from the automatic stay on real property located at

1    1149  S. Arapaho Dr., Santa Ana, CA 92704.

2          This *Ex Parte* to stay enforcement will be effective pending the outcome of the

3    hearings on the Motion to Alter Judgment scheduled to be heard by this Court.

4    **I.    RELEVANT FACTS**

5          On March 8, 2011, the Court granted Citimortgage's Motion for Relief from

6    the Automatic Stay.  In so ruling, the Court mistakenly found that Citimortgage has

7    legal standing to bring the motion despite its own admission that Freddie Mac is the

8    owner of the subject mortgage.  Citimortgage's admission did not happen until

9    debtors objected to the motion.  Rather than denying the motion in which this Court

10   did not have jurisdiction to hear, the Court granted this motion.

11          This ruling is in clear error because it is in contradiction to applicable

12   Bankruptcy Codes and Ninth Circuit law.  Under 11 U.S.C. § 362(d), the party

13   seeking stay relief **must** establish standing and be a party in interest is unequivocal.

14   Citimortgage in its own moving paper stated that "**Freddie Mac is the current**

15   **owner of the Loan.**" *See* Pacer Doc No. 63, Page 6 of 19, line 26 -27.  Furthermore,

16   FRCP Rule 17, made applicable by Rules 7017 and 9014 of FRBP, provides that *an*

17   *action* must be prosecuted in the name of the real party in interest.  Fed.R.Civ.P.

18   17(a)(1) (emphasis added).  By Citimortgage's own admission, the real party in

19   interest is Freddie Mac, NOT Citimortgage.

20          Pursuant to Rule 62(b) of Federal Rules of Civil Procedure ("FRCP"), Debtors

21   seek to stay enforcement of the Relief from the Automatic Stay until resolution of the

22   hearing on the Motion to Alter or Amend Judgment. Debtors request that the Court

23   grant this Application, because once the non-judicial foreclosure of the subject deed

24   started by CitiMortgage, who is not the owner of the subject loan, Debtors will have

25   to initiate state action, to which the subject property is part of the Chapter 11 estate.

26   Thus, Debtors and the Chapter 11 estate will irreparably be damaged to mount such

27   defense in the State Court while Debtors seek hearings on the Motion to Alter or

28   Amend Judgment.

**II.   STAY OF ENFORCEMENT OF JUDGMENT IS ALLOWED UNDER RULE 62(b).**

The Court has the authority to stay enforcement of judgment while the motion(s) under Rule 59 or Rule 60 of FRCP is pending. Rule 62(b) states:

> "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment -or any proceedings to enforce it - pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order."

For example, district courts consider four factors in ruling on Rule 62(c) motions:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Saldate v. Adams, 573 F.Supp.2d 1303, 1315 (E.D. Cal. 2008). Although Rule 62(c) governs appeal, Saldate provides salient grounds for granting this Application.

As stated above, if the Relief from the Automatic Stay is not stayed until the resolution of the motion to alter or amend judgment, CitiMortgage would proceed with non-judicial foreclosure upon the subject property that CitiMortgage has no interest whatsoever. If so, Debtors and Chapter 11 estate would be irreparably harmed, as a state action must be brought to challenge CitiMortgage's right to conduct non-judicial foreclosure upon the property that is part of the Chapter 11 estate. Thus, should Debtors prevail on the motions or ultimately on appeal, they will not be able to return to the status quo, because the subject trustee's deed upon sale would already have been reconveyed to a third party bone fide purchaser.

Thus, to maintain status quo pending the resolution of the motions, Debtors

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

request that the Court issue an order staying the enforcement of the Relief from the Automatic Stay. There is no prejudice to CitiMortgage, because it has no interest in the subject loan; rather Freddie Mac is the owner of the loan by CitiMortgage's own admission.  Thus, stay of enforcement of the relief from the Automatic Stay in this matter will not prejudice CitiMortgage in any manner. To the contrary, should the Court not stay enforcement of the automatic stay order, Debtors and Chapter 11 estate will be irreparably damaged, because the title of the subject property could be reconveyed to third party bone fide purchaser by virtue of the Trustee's Deed upon Sale, and Debtors along with Chapter 11 estate would be compelled to initiate state action to stop the non-judicial foreclosure to be conducted by CitiMortgage, who has no interest in this subject loan.

## CONCLUSION

For the reasons set forth above, Debtors respectfully request the Court to stay enforcement of the Relief from Automatic Stay order until the motion identified above are heard and decided by this Court.

DATED: 03/09/2011                    Global Capital Law, P.C.

_____
Gary Harre, Esq.
Attorney for Debtors