**GLOBAL CAPITAL LAW, P.C.**
Gary Harre  [86938]
Diane Beall  [86877]
8700 Warner Ave, Ste 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile:  (714) 907-4175
Email: ghcmecf@gmail.com

Attorneys For Debtors, THUAN X. NGUYEN & TAMMY H. NGUYEN

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THUAN X NGUYEN AND<br>TAMMY H NGUYEN<br><br>                        Debtors, | **Case No.  8:10-bk-21730-RK**<br><br>**CHAPTER 11**<br><br>**SUPPLEMENTAL BRIEF RE DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY.**<br><br>[Gomes v. Countrywide Home Loans, Inc. et.al., Cal. 4th Appellate (02/18/2011)]<br><br>Hon. Robert Kwan<br><br>411 West Fourth Street, Suite 5165<br>Santa Ana, CA 92701-4593 |

TO THE HON. KWAN of SAID COURT:

    Pursuant to this Court's Order dated March 8, 2011, Debtors respectfully submit the following brief:

**I.    PRELIMINARY STATEMENT**

    1.    On February 18, 2011, the California Appellate District, Division one, certified for publication its opinions in the case of Jose Gomes v. Countrywide Home Loans, Inc. et.al. (Case No. D057005).  A true and correct copy obtained from the California appellate website is attached herewith as

1
SUPPLEMENTAL BRIEF RE DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Exhibit 1.

2.       As part of its opinion, the Gomes Court discussed at length a related case from district court entitled Ohlendorf v. Am. Home Mortgage Servicing (E.D. Cal. 2010, Mar. 31, 2010, No. CIV. S-09-2081 LKK/EFB) 2010 U.S. Dist. Lexis 31098 (Ohlendorf).)  A true and correct copy of the opinion as obtained from Pacer docket is attached herewith as Exhibit 2.

3.       Although the Ohlendorf case was not a controlling authority, the Gomes Court cited it as persuasive and incorporated the opinion of the Ohlendorf Court in its opinion.  Therefore, Gomes holdings contained in the District Court's opinion is controlling.

4.       The Ohlendorf court dealt with the issue of wrongful foreclosure on the ground of improper assignments of the Deed of Trust.  Thus, the party seeking to foreclose was a wrong party.

5.       In contrast, the Gomes case dealt with Mortgage Electronic Registration Systems, Inc. ("MERS") authority to initiate foreclosures pursuant to the term of the Deed of Trust and the operation of the California Civil Code § 2924.

6.       Deutsche Bank National Trust Company (hereinafter "DBNTC") previously brought its Motion for Relief from the Automatic Stay.  This Court denied DBNTC's motion on the basis of standing pursuant to Fawn Ridge Partners, LP v. BAC Home Loans Servicing, LP  BAP No. CC-09-1396 HPDu (9th Cir. BAP, unpublished memorandum decision dated 03/2009).   The true and correct copy is attached herewith as Exhibit 3.

**II.    RELEVANT STATEMENT OF FACTS.**

7.       DBNTC brought their first Motion for Relief from Automatic Stay on 9/21/2010.  *See* Pacer Doc 14.

8.       In a hearing held on 10/19/2010, this court denied DBNTC's first

Motion for Relief from Automatic Stay for lack of evidence of standing. *See* Pacer Doc 35.

9. DBNTC re-filed this Motion for Relief from Automatic Stay on 2/11/2011. *See* Pacer Doc 45.

10. This 2nd Motion for Relief from Automatic Stay brought by DBNTC contained a declaration of Lorna Morell, an authorized representative of loan servicer, OneWest Bank, FSB (herein "OneWest"). *See* Pacer Doc 45, Page 6 of 11.

11. There is no evidence whatsoever that Onewest is an authorized servicer for DBNTC.

12. In DBNTC's declaration, DBNTC testified that it acts as "*the legal representative of the Trusts, holds legal title to pools of mortgage loans owned by the Trust for the benefit of investors in mortgage-backed securities*". DBNTC, however, does **not** "collect payments, pay taxes and insurance, perform property maintenance, engage in loss mitigation efforts, or pursue foreclosure proceedings. *See* Debtors' Request for Judicial Notice, Pacer Doc 67, Page 7 of 11[1].

13. Thus, Onewest, as alleged servicer that provided declaration for the Motion for Relief from Stay; made such declaration on behalf of the Residential Asset Securitization Trust 2006-A1, NOT on behalf of DBNTC.

14. In fact, DBNTC made its declaration under penalty of perjury that DBNTC does not initiate and handle foreclosures. *See* Debtors' Request for Judicial Notice, Pacer Doc 67, Page 9 of 11.

15. DBNTC is allegedly being represented by the Law Firm of Barrett Daffin Frappier Treder & Weiss, LLP (hereinafter "BDFTW") but all the pleadings are made on behalf of OneWest, so it is not clear who the law firm really represents.

---

[1] A copy of Pacer Doc 67 is attached herein for the convenient of the Court as Exhibit 4.

16. In support of the Motion for Relief from the automatic stay, DBNTC, through their alleged attorney BDFTW, submitted into evidence a Deed of Trust recorded on 01/19/2006 with the Orange County Recorder as Instrument number 2006000043242.

17. Such Deed of Trust named PHH Home Loans, LLC dba First Capital as Lender and Equity Title Company as Trustee.

18. MERS was NOT a party to such Deed of Trust. *See* Pacer Doc 45-1, Page 2 to 17 of 29 [Exhibit 1].

19. On 02/07/2006, PHH Home Loans, LLC purportedly assigned the Deed to Trust together with NOTE to MERS as follows:

> "FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfer to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK, F.S.B. A FEDERALLY CHARTERED SAVINGS BANK"[2].

20. On 02/07/2006, Debtor never consented to MERS acting as a nominee for IndyMac Bank, FSB, or anyone else.

21. It is common knowledge that on July 11, 2008, IndyMac Bank, F.S.B. was closed by the Office of Thrift Supervision and the FDIC was named conservator. The FDIC transferred all assets of IndyMac Bank, F.S.B to IndyMac **Federal** Bank, FSB. A true and correct copy of the FDIC press release is available via the internet at http://www.fdic.gov/news/news/press/2008/pr08056.html and is attached herein as Exhibit 4.

22. On 12/21/2009, an employee of NDEx West, LLC, executed an Assignment of Deed of Trust on the behalf of MERS, and purportedly assigned MERS' interest in the Deed of Trust together with the NOTE to DBNTC. *See* Pacer Doc 45-1, Page 26 of 29.

23. As of 12/21/2009, IndyMac **Federal** Bank, FSB ceased to exist.

---

[2] *See* Pacer Doc 45-1, Page 25 of 29.

24. Assuming *arguendo* that MERS acted on behalf of IndyMac Bank's assignee; such assignment would still be invalid because MERS could only act as Nominee for IndyMac Bank, FSB and NOT its assigns.

25. DBNTC's redo Motion for Relief from the Automatic Stay contained copies of 2 Allonges that were not part of the NOTE produced in previous motion.

26. The first Allonge contained an endorsement to IndyMac Bank, F.S.B. Assuming *arguendo* that such endorsement was valid, it would have been made on or about 02/07/2006 as part of assignment of the Deed of Trust. *See* Pacer Doc 45-1, Page 21 of 29.

27. Again, IndyMac Bank, FSB ceased to exist on July 11, 2008.

28. Thus, there was nothing for IndyMac Bank, FSB or any purported nominee to assign to anyone as of 12/21/2009.

29. The second Allonge was a blank page on "IndyMac Bank" letterhead, contained no information relating to the subject loan with a blank endorsement purportedly made by IndyMac Bank, FSB. *See* Pacer Doc 45-1, Page 22 of 29.

30. Assuming *arguendo* that such endorsement was valid, this endorsement would be made part of the assignment of Deed of Trust on 12/21/2009.

31. Again, IndyMac Bank, FSB ceased to exist on July 11, 2008 and could not possibly make any assignment on 12/21/2009.

### III.    GOMES V. COUNTRYWIDE HOME LOANS, INC.

**A. PROCEDURAL SUMMARY**

a. In connection with the purchase money loan, the deed of trust identified MERS as a nominee for lender with the consent of the borrower, Gomes.

b. MERS is a private corporation tracking ownership interest and servicing rights in a mortgage loan.

    c. Gomes defaulted on his loan and a Notice of Default was sent by Reconstruct, an agent of MERS.

    d. Gomes initiated a lawsuit contending that he did not know the identity of the Note's beneficial owner and believed that the original lender sold the loan on the secondary mortgage market.

    e. MERS was a party to the Deed of Trust (hereinafter DOT) and had a right to foreclose under the terms of the DOT. Gomes agreed to MERS as being the nominee of the lender and beneficiary under the security instruments when he signed the DOT.

    f. The <u>Gomes</u> Court stated that "California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which "provides a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."

    g. MERS, as party to the DOT, could act under its terms and the Court honored the mutual assent of the parties and the right of the parties to enter into a private contract, which was enforceable by the terms of the DOT.

    h. The <u>Gomes</u> Court cited <u>Ohlendorf v. Am. Home Mortgage Servicing</u> (E.D. Cal. 2010, Mar. 31, 2010, No. CIV. S-09-2081 LKK/EFB) 2010 U.S. Dist. Lexis 31098, which held that the party foreclosing lacked standing because there was a wrongful foreclosure based on improper assignment of DOT.

    i. In the case of <u>Gomes</u>, MERS acted within the terms of the DOT and was in compliance with Civil Code sections 2924.

**B. APPLICATION OF GOMES TO THIS CASE.**

    a. Unlike <u>GOMES</u>, MERS was not a party to the DOT in this case.

    b. MERS purportedly acted as Nominee for IndyMac Bank, FSB by virtue of the assignment of the DOT by PHH Home Loans on 02/07/2006 <u>without Debtors' consent.</u>

  c. Assuming *arguendo* that MERS could legally act as Nominee for IndyMac Bank, FSB on 02/07/06, in GOMES, MERS acted as nominee for the lender and its assign; whereas in this case, the Assignment of DOT specifically stated that MERS acted as nominee for IndyMac Bank, FSB only.

  d. As of 12/21/09, IndyMac Bank, FSB ceased to exist; therefore, any agency relationship between MERS and IndyMac Bank, FSB also ceased to exist.

  e. MERS' authority derived from the IndyMac Bank, FSB's rights.

  f. Since, IndyMac Bank ceased to exist since July 11, 2008, MERS had nothing to assign to DBNTC.

  g. At issue in Debtors' opposition to DBNTC's Motion for Relief from the Automatic Stay was STANDING and whether DBNTC received valid assignment from MERS.

  h. It is clear from FAWN RIDGE, as well as GOMES, which incorporated opinions in OHLENDORF, that constitutional and prudential standings cannot be waived.

  i. Such opinion was correctly cited and applied by this Court in its prior opinion where it cited Fawn Ridge Partners, LP v. BAC Home Loans Servicing, LP.

## IV. OHLENDORF V. AMERICAN HOME MORTGAGE SERVICING, et.al.

### A. PROCEDURAL SUMMARY

  a. The GOMES Court incorporated the opinion of the OHLENDORF Court from US District Court, for the Eastern District of California.

  b. This case dealt with wrongful foreclosure being conducted by an alleged wrong party.

  c. This Court discussed in detail California Civil Code sections 2924and that possession of the NOTE was not the prerequisite to foreclosure.

  d. However, improper assignment of DOT, which affected legal

standing, can result in wrongful foreclosure.

### B. APPLICATION OF OHLENDORF TO THIS CASE

a. The issue in OHLENDORF and its holdings are exactly on point in this case.

b. Similar to OHLENDORF, Debtors' opposition is based on DBNTC 's lack of legal standing to even bring the motion.

c. MERS was a stranger to the transaction. MERS's purported Nominee status for IndyMac Bank, FSB ceased to exist on 12/21/2009 because IndyMac Bank, FSB ceased to exist since 02/07/06.

d. MERS had nothing to assign to DBNTC.

e. Therefore, the conveyance by MERS to DBNTC constituted a fraudulent conveyance.

## V.    LEGAL STANDING IS NOT WAIVABLE AND CONTINUES TO BE THE LAWS AS HELD BY THE US SUPREME COURT.

As previously held by the US Supreme Court, "[Movant] must have both constitutional and prudential standing and be the real party in interest under Fed.R. Civ.P. 17, in order to be entitled to lift-stay relief [citing: Kowalski v. Tesmer, 543 U.S. 125, 128-29 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)].

"Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. Valley Forge Christian Coll. V. Am. United for Separation of Church and State, 454 U.S. 464, 472 (1982).

"Beyond the Article III requirements of injury in fact, causation, and redress ability, [Movant] must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who

may invoke the courts' powers. *See* Warth v. Seldin, 422 U.S. 490, 499 (1975).

Such legal principals continue to be in effect in both GOMES and OHLENDORF. A party seeking to foreclose under California Civil Code section 2924 must still have standing to do so. In the case of MERS, its standing derives from the terms of the DOT in which a borrower consented to. However, in the case, assignment of beneficial interest, there must be a valid assignment to allow party with standing to foreclose.

In this case, DBNTC clearly had no standing to bring the motion. Debtors never consented to MERS to act as Nominee under the terms of the DOT. Even if one assumes that MERS had authority to assign IndyMac Bank's beneficial interest to DBNTC, IndyMac Bank ceased to exist at the time MERS purportedly made an assignment to DBTNC. DBNTC received nothing by virtue of the assignment; the assignment constitutes a fraudulent conveyance.

For the foregoing reasons, Debtors respectfully request the Court to make findings of fact and to deny DBNTC's second Motion for Relief from the Automatic Stay with prejudice. Debtors further request this Court to award attorney fees incurred by Debtors against DBNTC and its attorney for bringing this frivolous motion.

Dated: 03/14/2011                                    Global Capital Law, P.C.

                                                     _____
                                                     By: Gary Harre, Esq.
                                                     Attorneys for Debtors,
                                                     Thuan X. Nguyen & Tammy H. Nguyen

SUPPLEMENTAL BRIEF RE DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY