MARISOL A. NAGATA, ESQ.
State Bar No. 221387
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(909) 595-7640 - Fax
cdcaecf@BDFGROUP.com
File No. 1942549

Attorneys for Movant
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE OF THE RESIDENTIAL ASSET
SECURITIZATION TRUST 2006-A1, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-A UNDER
THE POOLING AND SERVICING AGREEMENT DATED
FEBRUARY 1, 2006 ITS ASSIGNS AND/OR SUCCESSORS
IN INTEREST

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**Thuan X Nguyen and Tammy H Nguyen**,<br><br>Debtors. | CASE NO.:  8:10-bk-21730-RK<br>CHAPTER:  11<br><br>**SUPPLEMENTAL BRIEF RE:  *GOMES v. COUNTRYWIDE HOME LOANS, INC., et al* IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Continued Hearing:<br><br>DATE:  March 22, 2011<br>TIME:  10:30 a.m.<br>LOCATION:  US Bankruptcy Court<br>411 W. Fourth St.<br>Courtroom 5D, 5th Floor<br>Santa Ana, CA |

COMES NOW, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A UNDER THE POOLING AND SERVICING AGREEMENT DATED FEBRUARY 1, 2006 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST ("Movant") and hereby submits its supplemental brief re: <u>Gomes v. Countrywide Home Loans, Inc., et al</u> in support of its Motion for Relief from the Automatic Stay ("Current Motion") pursuant to 11 U.S.C. §§362(d)(1) and (d)(2) with respect to the Debtors' residence commonly known as **3394 Carmel Drive, Costa Mesa, CA 92626**, ("the Property"):

The recent California Appellate Court's decision in <u>Gomes v. Countrywide Home Loans, Inc., et al</u>,[1] is squarely applicable in the case at bar. In <u>Gomes</u>, the plaintiff borrower filed a lawsuit against Countrywide, Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust, alleging, among others, wrongful foreclosure. The crux of the plaintiff borrower's wrongful foreclosure complaint was that MERS did not have authority to initiate foreclosure because the current owner of the Note did not authorize MERS to proceed with the foreclosure. The Appellate Court affirmed the trial court in that " California's non-judicial foreclosure scheme as set forth in <u>Civil Code sections 2924 et seq.</u> provides a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust" and that "nothing in the statutory provisions establishing the non-judicial foreclosure process suggests that" a judicial proceeding to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process " is permitted or contemplated". <u>Gomes</u> at 3. Essentially, <u>Gomes</u> instructs to look to the terms of the applicable deed of trust.

Here, as Movant set forth previously in its Reply to Debtors' Opposition to the Current Motion (Doc. #63), Debtors do not dispute that they executed the note and deed of trust, which are the subject of

---

[1] *192 Cal. App. 4th 1149, 2011 WL 566737 (Cal. App. 4 Dist.)*

the Current Motion. In fact, at the last hearing held on the Current Motion, on March 8, 2011, this Court questioned Debtors' Counsel if the Debtors dispute that Debtors executed the note and deed of trust and Debtors' Counsel replied that the Debtors did not. Instead, Debtors assert that they "never consented to "MERS" acting as nominee for Indymac Bank FSB or holding beneficial interest in the subject Deed of Trust ("DOT")." Additionally, Debtors' Supplemental Brief (Doc. #72) appears to challenge the assignment from Mortgage Electronic Registration Systems, Inc. as Nominee for Indymac Bank, FSB to Movant. See Par. 27-31.

However, Paragraph 20 of the subject DOT, on its face, provides that: "The Note or a partial interest in the Note (together with this Security Instrument) can *be sold one or more times without prior notice to Borrower*." (emphasis added.) The assignment of the DOT recorded on February 7, 2006 recites on its face the transfer of interest from PHH Home Loans, LLC dba First Capital A Delaware Limited Liability Company to Mortgage Electronic Registration Systems, Inc. as Nominee for Indymac Bank, FSB, A Federally Chartered Savings Bank. A subsequent assignment of the DOT was recorded on December 21, 2009 from Mortgage Electronic Registration Systems, Inc. as Nominee for Indymac Bank, FSB to Movant. Copies of the underlying note and allonges, the deed of trust securing the Debtors' loan obligation, and assignments transferring the beneficial interest under the note and deed of trust evidencing Movant's claim were attached as Exhibits 1-3 to the Current Motion. Furthermore, as explained in Gomes, "MERS is a private corporation that administers the MERS system, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds of offices." The Gomes Court acknowledged, as other courts have, that "[a] side effect of the MERS system is that a transfer of an interest in a mortgage loan between two

MERS members is unknown to those outside the MERS system." Id. at 1.  Additionally, recording an assignment of the beneficiary under the deed of trust is not necessary for a foreclosure to be valid. An "assignment of the beneficial interest under a deed of trust *may* be recorded and from the time the same is filed for record operates as *constructive notice*". Cal. Civ. Code § 2923.5 (emphasis added) (requiring recording of "mortgages" but not for "beneficiaries"). Unlike a mortgage (2-party instrument where the mortgagee has the power of sale under Cal. Civ. Code §2923.5) a *deed of trust* (3-party instrument where the *trustee* has the power of sale) follows the note by operation of law. Cal. Civ. Code §2936.  When the owner of the note changes, the power of sale automatically follows.  This is why the California Legislature requires recordation of *whoever holds the power of sale*: either the mortgagee or the trustee. Stockwell v. Barnum, 7 Cal. App. 413, 94 P. 400 (cal. Ct. App. 1908) (construing predecessor statute; distinguishing mortgage and deed of trust); Dimock v. Emerald Properties, 81 Cal.App.4th 868, 97 Cal.Rptr.2d 255 (Cal.Ct. App. 2000) (foreclosure sale valid only if conducted by trustee of record).  Thus, an assignment of deed of trust is not required to be recorded and if it is recorded, the only purpose of the recording is to put others on constructive notice of the assignment. Here, the last assignment from assignment of DOT to Movant was recorded on December 21, 2009, which simply provides constructive notice of the assignment to Movant.

Finally, with respect to the Court's denial of the First Motion for Relief "for lack of evidence of standing", Movant reiterates that the Court's denial was without prejudice.  The Court referenced Fawn Ridge Partners, LP v. BAC Home Loans Servicing, LP  (In re Fawn Ridge Partners, LP), BAP No. CC-09-1396- HPDu (9th Cir. BAP, unpublished memorandum decision, filed March 29, 2010).  First, while In re Fawn Ridge is a Ninth Circuit BAP decision, it is unpublished and is not controlling (though persuasive).  Secondly, in the event that this Court opts to apply In re Fawn Ridge instead of Gomez, Movant's Current Motion now complies with Fawn Ridge.   Copies of the underlying note and

allonges, the deed of trust securing the Debtors' loan obligation, and assignments transferring the beneficial interest under the note and deed of trust evidencing Movant's claim were attached as Exhibits 1-3 to the Current Motion.

Movant has presented sufficient evidence in support of its Current Motion to establish a prima facie case that it has standing bring the Current Motion. Turning to the merits of Movant's Current Motion, Movant is entitled to relief from the automatic stay under §361(d)(1). The Debtors' loan obligation is in long standing default, which the Debtors do not dispute. Movant requests that this Court take judicial notice pursuant to Federal Rules of Evidence 201 the Declaration in support of Movant's Current Motion, Page 7, Section 8.

Moreover, Movant is entitled to relief from the automatic stay under §362 (d)(2). It is also undisputed that there is no equity in the Property. The Property has a value of $550,000.00. <u>See</u> Debtors' Schedules A and D. The Property is encumbered by claims totaling approximately $829,998.84. <u>See</u> Declaration in support of Movant's Current Motion, Page 8, Sections 12a-12d. As to necessity to an effective reorganization, the debtors have the burden to establish necessity to an effective reorganization, when the moving creditor has shown that its claim is undersecured. <u>See  United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,</u> 484 U.S. 365, 3775 (1988). Debtors have failed to provide any evidence that the Property is necessary for an effective reorganization.

The <u>Gomes</u> Court aptly noted: "The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the non-judicial nature of the process and introduce the possibility of lawsuits filed **<u>solely for the purpose of delaying valid foreclosures</u>**. <u>Id.</u> at 4. That is exactly what is happening here. Debtors are using this relief from stay summary proceeding "to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process." Debtors' challenge to standing is a

desperate attempt to avert the Court's attention to the merits of Movant's Current Motion and further stall Movant's ability to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property. Debtors delay tactics must be stopped once and for all.

Based on the foregoing, Movant respectfully requests that this Court grant Movant's Current Motion.

Respectfully submitted:

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated: March 15, 2011          By: /s/ Marisol A. Nagata
                               Marisol A. Nagata
                               Attorneys for Movant