Brian A. Paino (SBN 251243)
bpaino@piteduncan.com
Catherine T. Vinh (SBN 269020)
cvinh@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Secured Creditor
CitiMortgage, Inc., successor by merger
with ABN Amro Mortgage Group, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THUAN X NGUYEN and TAMMY H NGUYEN,<br><br>Debtors. | Chapter 11<br><br>Case No. 8:10-bk-21730-RK<br><br>**OPPOSITION TO DEBTORS' MOTION TO ALTER OR AMEND JUDGMENT AND EX PARTE APPLICATION TO STAY ENFORCEMENT OF RELIEF FROM THE AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: April 5, 2011<br>Time: 2:30 PM<br>Ctrm: 5D |

CitiMortgage, Inc. ("CitiMortgage") respectfully submits the following opposition to the above-captioned debtors, Thuan X. Nguyen and Tammy H. Nguyen's ("Debtors") Motion to Alter or Amend Judgment ("Motion to Alter Judgment") and Ex Parte Application to Stay Enforcement of Relief from the Automatic Stay ("Ex Parte Application"). This opposition is based upon the memorandum of points and authorities cited herein and the record currently before the Court.

**I.    INTRODUCTION**

Debtors' Motion to Alter Judgment and Ex Parte Application restates the same erroneous arguments that were previously raised in their Objection to the Motion for Relief from Stay ("Objection") and rejected by the Court. Like Debtors' Objection, the Motion to Alter Judgment and

Ex Parte Application is premised upon erroneous legal contentions and is wholly without merit. Against the clear weight of persuasive and binding authority, Debtors, once again, contend that CitiMortgage lacks standing to prosecute its Motion for Relief from the Automatic Stay ("Motion for Relief") because the loan that is the subject of this action is owned by Freddie Mac. As discussed in CitiMortgage's Reply to Debtors' Objection ("Reply") (*Docket Number 63*), and again herein, Debtors' arguments fail as a matter of fact and law. Debtors do not otherwise establish any basis for altering or amending the order on CitiMortgage's Motion for Relief. Accordingly, Debtors' Motion to Alter Judgment and Ex Parte Application must be denied.

## II.    STATEMENT OF FACTS

On or about January 6, 2006, Debtors executed a promissory note in the principal sum of $320,000.00 (the "Note"), which was made payable to ABN Amro Mortgage Group, Inc. ("ABN Amro") and is secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 1149 S Arapaho Dr, Santa Ana, California 92704 (the "Property").[1] *See* Real Property Declaration in Support of Motion for relief from the Automatic Stay ("Declaration"), **Exhibits 1 and 2**.

Subsequent to Debtors' execution of the Note, on or about September 1, 2007, ABN Amro merged with and into CitiMortgage. *See* Declaration, **Exhibit 3**; p. 11, ¶ 7. CitiMortgage is currently in possession of the Note. *See* Declaration, p. 12, ¶ 4. Freddie Mac is the current owner of the Loan.

On August 23, 2011, Debtor commenced the instant case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California.

On December 6, 2010, Debtors filed a Motion to Convert Case to Case Under Chapter 11 of the Bankruptcy Code ("Motion to Convert") (*Docket Number 41*). Secured creditor Deutsche Bank National Trust Company ("Deutsche Bank") filed an Objection to the Debtors' Motion to Convert (*Docket Number 44*) on the grounds that the Debtors filed the motion in bad faith and were otherwise unable to fund a Chapter 11 Plan.

---

[1] The Note and Deed of Trust are referred to herein as the "Loan."

- 2 -    CASE NO. 8:09-bk-21730-RK
**OPPOSITION TO DEBTORS' MOTION TO ALTER OR AMEND JUDGMENT AND EX PARTE APPLICATION TO STAY ENFORCEMENT OF RELIEF FROM THE AUTOMATIC STAY**

On January 18, 2011, CitiMortgage filed its Motion for Relief (*Docket Number 43*) with respect to the Property. The hearing on the Motion was originally scheduled for February 15, 2011.

On February 11, 2011, four days prior to the hearing on the Motion for Relief, Debtors filed their untimely Objection (*Docket Number 46*). The following day, Debtors filed a Motion for Sanctions for Violation of Stay ("Motion for Sanctions") (*Docket Number 49*), wherein Debtors alleged that CitiMortgage violated the bankruptcy stay by filing the Motion for Relief.[2]

On February 15, 2011, the Court conducted a preliminary hearing on CitiMortgage's Motion for Relief, at which time the Court continued the matter to February 22, 2011, in order to review the Debtors' late filed Objection.

On the same day, February 15, 2011, the Court granted Debtors' Motion to Convert, notwithstanding the objection by Deutsche Bank. An order converting this case to a Chapter 11 was entered on March 2, 2011.

At the continued hearing on CitiMortgage's Motion for Relief, Debtors' counsel informed the Court and CitiMortgage's undersigned counsel that the instant case had been converted to a Chapter 11. Although the Court made a finding on the record that there is no equity in the Property, the Court continued the hearing to March 8, 2011, to allow Debtors time to submit a brief establishing why the Property is necessary for an effective reorganization, and to allow CitiMortgage time to file the aforementioned Reply.

On February 28, 2011, the Debtors filed a Supplemental Brief in support of Motion to Convert Chapter 7 Case to Chapter 11; Memorandum of Points and Authorities; Declaration of Debtors in Support (*Docket number 56*).

On March 4, 2011, CitiMortgage filed its Reply (*Docket Number 63*) which contained a memorandum of points and authorities establishing CitiMortgage's standing to prosecute the Motion and that the Property is not necessary to the Debtors' effective reorganization.

/././

---

[2] Aside from being nonsensical and wholly without merit, Debtors' Motion for Sanctions was also filed in violation of the "safe-harbor" provision of Rule 9011 of the Federal Rules of Bankruptcy Procedure and not served in compliance with the Local Bankruptcy Rules. The Court denied the Motion for Sanctions at the February 15, 2011 hearing on the Motion for Relief.

At the March 8, 2011 continued hearing on the Motion for Relief, the Court granted the motion, without a waiver of the 14-day prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. The Court found that there is no equity in the Property and that the Property is not necessary for an effective reorganization. Additionally, the court found that the Debtors' schedules contain an admission that CitiMortgage is a secured creditor, and, thus, Debtors are judicially estopped from contesting CitiMortgage's standing.

On March 9, 2011, Debtors filed the Motion to Alter Judgment (*Docket Number 68*) and Ex Parte Application *(Docket Number 70)* wherein Debtors allege that CitiMortgage failed to establish that it had standing to prosecute the Motion for Relief and the Court's finding to the contrary was clearly erroneous. Debtors, once again, contend that Freddie Mac, as the owner of the Loan, was the only party with standing to prosecute the Motion for Relief.[3]

On March 15, 2011, CitiMortgage, by and through its undersigned counsel, emailed and mailed to Debtors' attorneys, Gary Harre and Diane Beall, a notice pursuant to Rule 9011(c)(1)(A) of the Federal Rule of Bankruptcy Procedure wherein CitiMortgage requested that Debtors withdraw the Motion to Alter Judgment and Ex Parte Application. A copy of the letter is attached hereto as **Exhibit 1**.

### III.  ANALYSIS

**A.  DEBTORS FAIL TO ESTABLISH ANY VALID BASIS FOR ALTERING OR AMENDING THE ORDER ON THE MOTION FOR RELIEF**

**1.  Legal Standard.**

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contemplate motions for reconsideration. *Hanson v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986). However, Rule 59 of the Federal Rules Civil Procedure, which is made applicable to the instant case by Rule 9023 of the Federal Rules of Bankruptcy Procedure, permits a party to file a motion to alter or amend a judgment within 14 days of the date of the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Motions for reconsideration after the entry of a final order are granted only if there has been a change in the law or facts or there is newly discovered evidence.

---

[3] As of the date of this opposition, the Order Granting Motion for Relief from the Automatic Stay has not been entered.

*Hale v. United States Tr. (In re Basham)*, 208 B.R. 926 (9th Cir. BAP 1997), *aff'd*, 152 F.3d 924 (9th Cir. 1998). A motion under Rule 59 is not permitted to rehash the same arguments made the first time or to simply express an opinion that the court was wrong. *In re Greco*, 113 B.R. 658 (Bankr.D.HI 1990), *aff'd and remanded*, 952 F.2d 406 (9th Cir. 1991). Indeed, a motion to reconsider is not to be used by the losing party who failed to raise available arguments or who simply disagrees with a court's decision. *In re Kellog*, 197 F.3d 1116 (11th Cir. 1999). The party seeking relief under Rule 59 bears the burden to clearly establish a manifest error of fact, manifest error of law, or the existence of newly discovered evidence. *Hale*, 208 B.R. at 934.

**2.   Debtors' Motion to Alter Judgment Fails to Establish Any Basis for Altering or Amending the Order on the Motion for Relief.**

Debtors' Motion to Alter Judgment is premised upon the same erroneous legal contentions and misunderstanding of applicable law as Debtors' Objection. The Motion to Alter Judgment and Ex Parte Application represent the latest in a series of attempts by the Debtors to delay and hinder CitiMortgage in its efforts to exercise its state law remedies pursuant to the Note and Deed of Trust. CitiMortgage submits that the Motion to Alter Judgment and Ex Parte Application were filed in bad faith and to unnecessarily increase the cost of litigation. Glaringly absent from Debtors' Motion to Alter Judgment is any basis whatsoever to alter or amend the eventual order on CitiMortgage's Motion for Relief. Instead, Debtors' motion, which is devoid of any newly discovered evidence, rehashes the same legal arguments contained in Debtors' Objection. For the reasons discussed more fully below, Debtors' Motion to Alter Judgment and Ex Parte Application must be denied.

*a. The Court Properly Determined That Debtors Are Judicially Estopped from Asserting that CitiMortgage Lacks Standing.*

Inexplicably, Debtors' Motion to Alter Judgment fails to address the Court's finding that Debtors are judicially estopped from challenging CitiMortgage's standing due to their admission in their sworn schedules that CitiMortgage has a claim secured by the Property. Pursuant to the doctrine of judicial estoppel, sometimes referred to as the doctrine of preclusion of inconsistent positions, a party is precluded from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. *See Whalley v. Belleque*, 520 F.3d 997, 1002

(9th Cir. 2008) (citations omitted). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." *Id*. The doctrine applies to a party's legal *as well as factual assertions*. *Id*. (emphasis added). Here, Debtors seek a tactical advantage by taking the position that CitiMortgage lacks standing to prosecute the Motion for Relief, a position that is entirely inconsistent with the Debtors' sworn schedules. Although not challenged by the Debtors, the record clearly supports the Court's application of the doctrine of judicial estoppel. Since Debtors otherwise fail to satisfy their burden of establishing a manifest error of fact or law, Debtors' Motion to Alter Judgment must be denied.

      *b.      CitiMortgage Is Entitled to Enforce the Note Under California Law.*

Debtors seek to utilize Rule 59 to rehash the same legal arguments raised in their Objection. As they did in their Objection, Debtors' allege in the Motion to Alter Judgment that CitiMortgage lacks standing to enforce the Note and Deed of Trust because Freddie Mac owns the Loan. Contrary to Debtors' arguments, CitiMortgage qualified as the real party in interest and otherwise had both Constitutional and prudential standing.

In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. *See United States v. Butner*, 440 U.S. 48 (1979). Accordingly, in order to determine whether CitiMortgage has standing to enforce the Note in this case, the court must look to the California Commercial Code (the "CCC"), which is the substantive state law governing negotiable instruments.

The CCC provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) the holder of the instrument, (b) *a nonholder in possession of the instrument who has the rights of a holder*, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.

Cal. Com. Code § 3301. (emphasis added). Section 1201 defines "Holder" as the "person in possession of a negotiable instrument that is payable either to bearer or, *to an identified person that is the person in possession*..." Cal. Com. Code § 1201(a)(21)(a). (emphasis added). A nonholder in possession of an instrument includes any person who under applicable law is a *successor to the holder or otherwise acquires the holder's rights*. Cal. Com. Code § 3301, *Note 1* (emphasis added).

/././

Debtors contend that, because the Loan is owned by Freddie Mac, CitiMortgage lacks standing to prosecute the Motion for Relief. In advancing this position, Debtors ignore and/or misapply the clear weight of binding and persuasive authority in this district. As previously discussed, CitiMortgage succeeded to the rights of ABN Amro, the original payee under the Note, and CitiMortgage is in possession of the Note. (*See* Declaration, p. 11, ¶¶ 4 and 7). Debtors do not dispute that ABN Amro qualified as the holder of the Note at the time the Loan was consummated. Instead, Debtors argue that: (1) the Note was not properly *negotiated* to CitiMortgage; and (2) CitiMortgage and Freddie Mac have conflicting claims to the Note. Debtors' argument fails for two reasons. First, CitiMortgage is not required to demonstrate that the note was properly negotiated in order to establish its authority to enforce the Note. To the contrary, as the successor to ABN Amro, CitiMortgage has the authority to enforce the Note as a nonholder. *See* Cal. Com. Code § 3301, Note 1. Second, Debtors fail to recognize the distinction between the owner and holder of a note. Recently, the United States District Court for the Central District of California confronted this exact issue in *In re Hwang*, 438 B.R. 661 (C.D.Cal.2010). The *Hwang* court concluded that the "real party in interest" in whose name a cause of action must be prosecuted is the party with right to enforce a claim under the applicable substantive law. In fact, the *Hwang* court noted that a party that has the right to enforce a note under California law qualifies as the real party in interest and has standing, *regardless of whether that party is the owner of the note* or is in wrongful possession thereof. *Id*. at 3 (emphasis added). Moreover, the CCC specifically recognizes that the party entitled to enforce a note may not be the note owner.[4] Based upon the foregoing, CitiMortgage has standing to enforce the Note, regardless of whether Freddie Mac owns the Loan.

/././

/././

---

[4] Cal. Com. Code § 3203 specifically recognizes that a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument. Note 1 to Cal. Com. Code § 3203 provides the following example: "[S]uppose X is the owner and holder of an instrument payable to X. X sells the instrument to Y but is unable to deliver immediate possession to Y. Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y. Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument. No transfer of the instrument occurs under Section 3-203(a) until it is delivered to Y." Accordingly, the holder of a note (or nonholder in possession) is entitled to enforce it, notwithstanding the subsequent sale of the note to another party.

Case 8:10-bk-21730-RK    Doc 79    Filed 03/22/11    Entered 03/22/11 19:29:59    Desc
              Main Document       Page 8 of 9

*c.     CitiMortgage Is Entitled to Enforce the Deed of Trust.*

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. *Carpenter v. Longan*, 83 U.S. 271, 275 (1873). In fact, California codified this principle in Cal. Civ. Code § 2936, which provides that "[t]he assignment of a debt secured by a mortgage carries with it the security." It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) § 5.4 (1997) (citing *Carpenter v. Longan*). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. Restatement (Third) of Property: Mortgages § 5.4 (1997) specifically states:

(a)   A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;

(b)   Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;

(c)   A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

In this case, the Note is the obligation that is secured by the Deed of Trust. Pursuant to Supreme Court precedent and California law, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment. As previously discussed, CitiMortgage succeeded to ABN Amro's interest in, and currently has the right to enforce, the Note. It necessarily follows that CitiMortgage is the party entitled to enforce the Deed of Trust.

Based upon the foregoing, and contrary to Debtors' allegations, CitiMortgage had both Constitutional and prudential standing to prosecute the Motion for Relief. Indeed, CitiMortgage, as the party entitled to enforce the Note, suffered a concrete injury in fact as a result of the Debtors' bankruptcy filing, i.e., it was unable to enforce the Note and Deed of Trust despite the Debtors' default. Moreover, CitiMortgage's injury was easily redressed by this Court through the lifting of the automatic stay. Finally, CitiMortgage asserted its own interest in the Note (as a nonholder) and, therefore, had prudential standing to prosecute the Motion for Relief.

- 8 -    CASE NO. 8:09-bk-21730-RK
**OPPOSITION TO DEBTORS' MOTION TO ALTER OR AMEND JUDGMENT AND EX PARTE APPLICATION TO STAY ENFORCEMENT OF RELIEF FROM THE AUTOMATIC STAY**

### IV. CONCLUSION

For all the foregoing reasons, Debtors' Motion to Alter Judgment and Ex Parte Application must be denied.

**WHEREFORE,** CitiMortgage respectfully requests:

1. That the Court deny Debtors' Motion to Alter Judgment and Ex Parte Application;

2. Reasonable attorneys' fees and costs incurred by CitiMortgage as a result of Debtors' Motion to Alter Judgment and Ex Parte Application; and

3. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: March 22, 2011

By: /s/ *Catherine T. Vinh*
Catherine T. Vinh
Attorneys for Secured Creditor CitiMortgage, Inc.