| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| RANDALL P. MROCZYNSKI (SBN. 156784)<br>rmroczynski@cookseylaw.com<br>COOKSEY TOOLEN GAGE DUFFY & WOOG<br>535 Anton Blvd, 10th Floor<br>Costa Mesa, CA  92626<br>Telephone: (714) 431-1100<br>Facsimile: (714) 431-1145<br>☐ Individual appearing without counsel<br>☒ Attorney for:  Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>THUAN X. NGUYEN AND TAMMY H. NGUYEN;<br>Debtor(s). | CHAPTER:  11<br>CASE NO.:  8:10-bk-21730-RK |
|---|---|
| | DATE:  MAY 3, 2011<br>TIME:  10:30 A.M.<br>CTRM:  5D<br>FLOOR:  5 |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
## (MOVANT:  TOYOTA MOTOR CREDIT CORPORATION)
### (Personal Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:  ☐ 255 East Temple Street, Los Angeles    ☒ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

(Continued on next page)

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

F 4001-1M.PP

Page 1 of 16

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| **THUAN X. NGUYEN AND TAMMY H. NGUYEN** | Debtor(s). | CASE NO.: 8:10-bk-21730-RK |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: APRIL 7, 2011

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
*Print Law Firm Name (if applicable)*

RANDALL P. MROCZYNSKI
*Print name of Individual Movant or Attorney for Movant*

/S/ RANDALL P. MROCZYNSKI
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.PP

Page 2 of 16

| In re | | CHAPTER: 11 |
|---|---|---|
| THUAN X. NGUYEN AND TAMMY H. NGUYEN (SHORT TITLE) | | |
| | Debtor(s). | CASE NO.: 8:10-bk-21730-RK |

# MOTION FOR RELIEF FROM STAY
## (MOVANT: TOYOTA MOTOR CREDIT CORPORATION)

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (the "Property"):

   ☒ Vehicle *(describe year, manufacturer, type, and model)*: **2010 LEXUS LX570**

   Vehicle Identification Number: **JTJHY7AX1A4045178**
   Location of vehicle (if known):

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:

   Serial number(s):
   Location (if known):

   ☐ Other Personal Property *(describe type, identifying information, and location)*:

2. **Case History:**

   a. ☒ A voluntary   ☐ An involuntary petition under Chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on *(specify date)*: **8/23/10**

   b. ☒ An Order of Conversion to Chapter   ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was entered on *(specify date)*: **3/2/11**

   c. ☒ Plan was confirmed on *(specify date)*: **PLAN NOT YET CONFIRMED**

   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (c) ☒ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

         (b) ☐ The Property was transferred to Debtor(s) either just before the bankruptcy filing or since the filing.

         (c) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (d) ☐ Other bankruptcy cases have been filed asserting an interest in the same Property.

         (e) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                    F 4001-1M.PP

| In re | CHAPTER: 11 |
|---|---|
| THUAN X. NGUYEN AND TAMMY H. NGUYEN (SHORT TITLE) | |
| Debtor(s). | CASE NO.: 8:10-bk-21730-RK |

(3) ☐ *(Chapter 12 or 13 cases only)*
  (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.
  (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.
(4) ☐ The lease has been rejected or deemed rejected by operation of law.
(5) ☐ For other cause for relief from stay; see attached continuation page.

  b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
  a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
  b. ☐ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.
  c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit "___".
  d. ☒ Other evidence *(specify)*: Kelley Blue Book (Exhibit "C")

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. ☒ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.
2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
3. Additional provisions requested:
  a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
  b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
  c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
  d. ☐ For other relief requested, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.PP

Page 4 of 16

| In re **THUAN X. NGUYEN AND TAMMY H. NGUYEN** (SHORT TITLE) Debtor(s). | CHAPTER: 11 CASE NO.: **8:10-bk-21730-RK** |
|---|---|

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: APRIL **7**, 2011

Respectfully submitted,

**TOYOTA MOTOR CREDIT CORPORATION**
*Movant Name*

**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
*Firm Name of Attorney for Movant (if applicable)*

By: **/S/ RANDALL P. MROCZYNSKI**,
*Signature*

Name: **RANDALL P. MROCZYNSKI**
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.PP

Page **5** of **16**

| | | |
|---|---|---|
| | (SHORT TITLE) | CHAPTER: 11 |
| In re THUAN X. NGUYEN AND TAMMY H. NGUYEN Debtor(s). | | CASE NO.: 8:10-bk-21730-RK |

F 4001-1M.PP

# PERSONAL PROPERTY DECLARATION
## (MOVANT: TOYOTA MOTOR CREDIT CORPORATION)

I, **CHERYL NISHIMURA**, declare as follows:
(*Print Name of Declarant*)

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the personal Property that is the subject of this Motion ("Property") because (*specify*):

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by the Movant as (*state title and capacity*): Asset Protection Administrator

   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Property that is the subject of this Motion is:

   ☒ Vehicle (*describe manufacturer, type, model, and year*): **2010 LEXUS LX570**
   Vehicle Identification Number: **JTJHY7AX1A4045178**
   Location of vehicle (if known):

   ☐ Equipment (*describe manufacturer, type, and characteristics*):
   Serial number(s):
   Location (if known):

   ☐ Other Personal Property (*describe type, identifying information, and location*):

4. Debtor(s) ☐ listed the Property on Schedule B   ☒ did not list the Property on Schedule B.

5. The nature of Debtor's(s') interest in the Property is:

   a. ☐ Sole owner
   b. ☐ Co-owner
   c. ☐ Lessee
   d. ☒ Other (*specify*): Buyer

(*Continued on next page*)

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                     F 4001-1M.PP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| THUAN X. NGUYEN AND TAMMY H. NGUYEN | Debtor(s). | CASE NO.: 8:10-bk-21730-RK |

6. The lease was rejected on _____ *(specify date):*
   a. ☐ by operation of law.
   b. ☐ by Order of the Court.

7. Movant has a perfected security interest in the Property.

   a. The Property is a motor vehicle, boat, or other property for which a Title Certificate is provided for by state law. True and correct copies of the following items are attached to this Motion:
      (1) ☒ Certificate of Title ("*Pink Slip*") attached as **Exhibit "A"**.
      (2) ☒ Vehicle or other Lease Agreement attached as **Exhibit "B"**.
      (3) ☐ Security Agreement attached as Exhibit _____.
      (4) ☐ Other evidence of perfection attached as Exhibit _____.

   b. The Property is equipment, intangibles, or other personal property for which a Title Certificate is not provided for by state law. True and correct copies of the following items are attached:
      (1) ☐ Security Agreement attached as Exhibit _____.
      (2) ☐ UCC-1 Financing Statement attached as Exhibit _____, as recorded on (specify date):
      (3) ☐ UCC Financing Statement search results attached as Exhibit _____.
      (4) ☐ Results of search of recorded or filed leases attached as Exhibit _____.
      (5) ☐ Other evidence of perfection of a security interest attached as Exhibit _____.

   c. The Property is consumer goods. True and correct copies of the following items are attached:
      (1) ☐ Credit Application attached as Exhibit _____.
      (2) ☐ Purchase Agreement attached as Exhibit _____.
      (3) ☐ Account Statement showing payments made and balance due attached as Exhibit _____.
      (4) ☐ Other evidence of perfection of a security interest *(if necessary under state law)* attached as Exhibit _____.

   d. ☐ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

   a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor(s) to Movant is attached as Exhibit "B".
   b. Amount of current monthly payment: **$ 1,547.10**
   c. Number of payments that have come due and were not made: **7**
   d. Last payment received on *(specify date):* **8/20/10**

9. Attached hereto as Exhibit **N/A** is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor(s) since the petition date.

10. Amount of Movant's debt:
    a. Principal:                                         $78,119.44
    b. Accrued Interest:                                  $_____
    c. Costs (Attorney's Fees, Late Charges, Other Costs): $550.00
    d. Advances (Property Taxes, Insurance):              $_____
    e. TOTAL CLAIM as of _4/6/11_ :                       $78,669.44

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                F 4001-1M.PP

Page 7 of 16

Motion for Relief from Stay (Personal Property) Page 8 of __    F 4001-1M.PP

| In re (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| THUAN X. NGUYEN AND TAMMY H. NGUYEN Debtor(s). | CASE NO.: 8:10-bk-21730-RK |

    f.   Future payments due by time of anticipated hearing date *(if applicable)*:

An additional payment of $ **1,547.10** will come due on **4/23/11**, and on the **23rd** day of each month thereafter. If the payment is not received by the _____N/A_____ day of the month, a late charge of $_____N/A_____ would be due under the terms of the loan.

11. ☒ *(Chapter 7 and 11 cases only)* The fair market value of the Property is: **$ 77,800.00**. This valuation is based upon the following supporting evidence:

    a.   ☒   This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit "C".

    b.   ☐   This is the value determined by an appraisal or other expert evaluation. A true and correct copy of the expert's report or declarations attached as Exhibit _____ .

    c.   ☐   Debtor's(s') admissions in the Schedules filed in the case. A true and correct copy of the relevant portions of the Debtor's(s') Schedules are attached as Exhibit "___".

    d.   ☐   Other basis for valuation *(specify)*:

> **NOTE**: If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

12. Calculation of equity in Property:

    a.   By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's(s') equity in the Property is $ **0** (§ 362(d)(2)(A)).

    b.   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $00.00 (§ 362(d)(1)).

13. ☒ The fair market value of the Property is declining based on/due to:   **DEBTOR'S USE AND AGING OF VEHICLE**

14. ☐ *(Chapter 12 or 13 cases only)* Chapter 12 or 13 case status information:

    a.   341(a) Meeting currently scheduled for (or concluded on) the following date:
        Confirmation hearing currently scheduled for (or concluded on) the following date:
        Plan confirmed at hearing on the following date *(if applicable)*:

    b.   Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

        *(Number of)* _____ payment(s) due at $_____ each   =   $_____
        *(Number of)* _____ payment(s) due at $_____ each   =   $_____
        *(Number of)* _____ late charge(s) at $_____ each   =   $_____
        *(Number of)* _____ late charge(s) at $_____ each   =   $_____

    c.   Postpetition/preconfirmation advances or other charges due but unpaid:   $_____
        (See attachment for details of type and amount.)

                  **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                             F 4001-1M.PP

Page 8 of 10

Motion for Relief from Stay (Personal Property)– *Page 9 of __*    **F 4001-1M.PP**

| In re (SHORT TITLE) **THUAN X. NGUYEN AND TAMMY H. NGUYEN** Debtor(s). | CHAPTER: 11 |
|---|---|
| | CASE NO.: 8:10-bk-21730-RK |

    d.  Postconfirmation/payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*.

        (Number of) _____ payment(s) due at $_____ each    =    $_____
        (Number of) _____ payment(s) due at $_____ each    =    $_____
        (Number of) _____ late charge(s) at $_____ each    =    $_____
        (Number of) _____ late charge(s) at $_____ each    =    $_____

    e.  Postconfirmation advances or other charges due but unpaid:    $_____
        (See attachment for details of type and amount.)

        **TOTAL POSTCONFIRMATION DELINQUENCY:**    $_____

    f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit ____.

    g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

15.  ☒  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16.  ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

    a.  ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐  For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on APRIL ___6___, 2011, at _TORRANCE, CA_ *(city, state)*.**

CHERYL NISHIMURA
*Print Declarant's Name*                                  *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                **F 4001-1M.PP**

Page 9 of 16