GLOBAL CAPITAL LAW, PC
Gary Harre, SBN 86938
Diane J. Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Tel: (714) 907-4182
Fax: (714) 907-4175

Attorney for Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THUAN X. NGUYEN,<br>TAMMY H. NGUYEN,<br><br>Debtors-in-Possession | Case No. 10-21730-RK<br><br>Chapter 11<br><br>**OPPOSITION TO TOYOTA MOTOR CREDIT CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTORS IN SUPPORT THEREOF**<br><br>Date: May 3, 2011<br>Time: 10:30 a.m.<br>Place: Courtroom 5 D<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701 |

**TO HONORABLE ROBERT KWAN UNITED STATES BANKRUPTCY JUDGE; TOYOTA MOTOR CREDIT CORPORATION; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

COMES NOW, Thuan X. Nguyen, Tammy H. Nguyen, (the "Debtors and Debtors-in-Possession") in Opposition to Toyota Motor Credit Corporation ("TMCC") Motion for Relief from Automatic Stay as follows:

///

///

## I.

## INTRODUCTION

TMCC's Motion for Relief from the Automatic Stay is without merit and should be denied. The Debtors' Chapter 11 case was converted from a Chapter 7 on March 2, 2011 and the Debtors are still within their "exclusivity period" to formulate and propose a Chapter 11 Plan.

The personal property, the 2010 Lexus LX570 is the Debtors' primary vehicle and **is** necessary for the Debtor's reorganization. This Motion was filed on April 7, 2011, **1 month after** the case was converted to a Chapter 11 and approximately **3 months** before the expiration of Debtors' "exclusivity period" to formulate and propose a Chapter 11 Plan, in violation of the presumption that the personal property is necessary for an effective reorganization in Debtors' Chapter 11 Plan. The personal property is an integral part of Debtors' reorganization efforts and therefore this Motion should be denied as "premature" and "moot" for these reasons.

## II.

## FACTUAL BACKGROUND

The Debtors originally filed this case as a Chapter 7 on August 23, 2010 and it was converted to a Chapter 11 case on March 2, 2011.

The Debtors own two (2) real properties and own two (2) vehicles. A 1992 Ford Explorer, and a 2010 Lexus LX570, the secured creditor is Toyota Motor Credit Corporation ("TMCC"), who is the Movant in this action.

The Movants filed the Motion for Relief from the Automatic Stay against the Debtors' 2010 Lexus LX570 and states that the principal balance is $78,119.44 and the value of the vehicle is $77,800.00. Debtors do not dispute these amounts. This personal property **is** the Debtors' primary vehicle and **is** an integral part of the Debtor's Chapter 11 reorganization.

This Motion was filed on April 7, 2011, **1 month after** the case was converted to a Chapter 11 and approximately **2 months** before the expiration of Debtors' "exclusivity period" to formulate and propose a Chapter 11 Plan, in violation of the presumption that the subject property is necessary for an effective reorganization in Debtors' Chapter 11 Plan.

///

In this case, the Court should deny the Movant's Motion for Relief from the Automatic Stay because their secured claim will be provided for in Debtors' Chapter 11 Plan, when the Debtors' are in a position to formulate and propose their Chapter 11 Plan, and therefore this Motion is "premature" and "moot" and should be denied.

## III.

## THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 FOR CAUSE UNDER 11 U.S.C. 362(d)(1) SHOULD BE DENIED BECAUSE THERE IS NO CAUSE SHOWN BY THE MOVANTS TO GRANT THE MOTION

Section 362(d) requires the court to grant relief from an automatic stay "for cause." *11 U.S.C. §362(d)*. The standards for relief set forth in 11 U.S.C. sections 362(d)(1) and (d)(2) are independent and alternative. Exactly what constitutes cause under 11 U.S.C. §362(d)(1) is not clearly defined. Because there is no clear definition of what constitutes 'cause', it must be determined on a case by case basis in the court's discretion. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) (citation omitted). *In re Holtkamp*, 669 F.2d 505, 507 (9th Cir. 1982). Thus, a decision relating to the automatic stay may be overturned only if there is an abuse of that discretion. *Id.* at 507. *In re MacDonald*, 755 F.2d 715, 716 (9th Cir. 1985); *In re Can-Alta Properties*, 87 Bankr. 89, 91 (9th Cir. BAP 1988); *In re America West Airlines*, 148 Bankr. 920 (Bankr. D. Ariz. 1993). Section 11 U.S.C. §362(d) and Bank. R. Proc. 401(d) explicitly authorize the bankruptcy court to lift the stay "for cause shown", and since there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. *2 Collier Bankruptcy Manual § 362.96* (3d Ed. 979); *In re Conejo*, 96 F.3d at 352 (quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990)("*Tucson*"). When making this determination, bankruptcy courts consider the totality of the circumstances in each case. *In re Bryan Road, LLC*, 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008). Accord *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3rd Cir. 1997).

A bankruptcy court's decision to grant relief from the automatic stay is reviewed for abuse of discretion. *In re Skagit Pac. Corp.*, 316 B.R. 330, 335 (9th Cir. BAP 2004). A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of

law or clearly erroneous factual findings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). An abuse of discretion will also be found if the appellate court has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached. *Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 855 (9th Cir. BAP 1994).

A party may petition the bankruptcy court for relief from the automatic stay under 11 U.S.C. § 362(d). However, because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of the [stayed] proceeding can derive legitimacy only from the bankruptcy court order. *In re Gruntz*, 202 F.3d at 1082 (quoting *Noli v. Comm'r of Internal Revenue*, 860 F.2d 1521, 1525 (9th Cir. 1988)). Further, "the terms of an order lifting the automatic stay are strictly construed." *Noli*, 860 F.2d at 1525 (citing *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987)).

The filing of a bankruptcy petition automatically stays all actions or proceedings against the Debtor, except those specified under § 362(b). See 11 U.S.C. § 362(a)-(b). See also *In Conejo*, 96 F.3d at 351. The stay protects not only the Debtor, but its creditors as well. *Id*. at 351. See also *MacDonald v. MacDonald (In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985)

Further, "[b]y halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply 'to be relieved of the financial pressures that drove him into bankruptcy.' " *In re Gruntz*, 202 F.3d at 1081 (quoting S. Rep. No. 95-989, at 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41).

For the Debtor, the stay provides a "breathing spell" from creditors, allowing the debtor to focus its efforts on reorganization. *In re Conejo*, 96 F.3d at 351. For the creditors, the stay facilitates an orderly liquidation process under which all like situated creditors receive equal treatment. *Id*. at 352.

The automatic stay under 11 U.S.C. §362 gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. *In re Fidelity Mortgage Investors*, 550 F.2d 47, 55 (2nd Cir. 1976), cert. denied, 429 U.S. 1093, 97 S. Ct. 1107, 51 L. Ed. 2d 540 (1977); *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985).

The statute seeks to ensure orderly administration of the debtor's estate to protect the creditors' right to equality of distribution. *Superior Paint Manufacturing Co. v. Lopez-Soto (In re Lopez-Soto)*, 764 F.2d 23, 27 (1st Cir. 1985); *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (9th Cir. 1982); *Sen. Rep. No. 989, 95th Cong., 2d Sess. at 49* (1978); reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5835; *H. Rep. No. 595, 95th Cong. 1st Sess. at 340* (1977), reprinted in 1978 U.S. Code. Cong. & Ad. News 5787, 6297*; First National Bank of Anchorage and Alaska Title Guaranty Co. v. Roach (In re Roach),* 660 F.2d 1316, 1318-19 (9th Cir. 1981); to provide a breathing spell for the debtor, *In re Roach*, 660 F.2d at 1318; H. Rep. No. 595 at 121, reprinted in 1978 U.S. Code Cong. & Ad. News at 6082; and to maintain the status quo, *In re Roach*, 660 F.2d at 1319; *United States v. Sayres*, 43 Bankr. 437, 439 (W.D.N.Y. 1984); *United Mutual Savings Bank v. Doud (In re Doud)*, 30 Bankr. 731, 734 (Bankr. W.D. Wash. 1983).

An additional purpose of the stay, to which Congress specifically addressed subsection 362(a)(6), is to prevent harassment of the debtor by sophisticated creditors. Sen. Rep. No. 989 at 50-51, reprinted in 1978 U.S. Code Cong. & Ad. News at 5836-37; H. Rep. No. 595 at 125-26, 342, reprinted in 1978 U.S. Code Cong. & Ad. News at 6086-87, 6298; *In re Roach*, 660 F.2d at 1318; *Brown v. Pennsylvania State Employees Credit Union (In re Brown)* 49 Bankr. 558, 561 (Bankr. M.D. Penn. 1985).

Where cause for relief from the automatic stay is established, "the burden of going forward and the burden of persuasion shifts to the party opposing relief [from the stay] on all issues." *In re 15375 Memorial Corp.*, 382 B.R. 652, 686 (Bankr. D. Del. 2008).

There is no cause shown here in the Motion for Relief from the Automatic Stay that has been established by the Moving party, so the burden **does not** shift to the Debtors.

The Movants have **failed** to show cause under 11 U.S.C. 362(d) because they **have not** demonstrated why relief should be granted.

///

///

///

## IV.

## **THE MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 SHOULD BE DENIED BECAUSE THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION IN DEBTORS' CHAPTER 11 PLAN AND THIS MOTION SHOULD BE DENIED AS "PREMATURE" AND "MOOT"**

As stated above, the Debtors' Chapter 11 case was converted from a Chapter 7 case on March 2, 2011 and the Debtors are still within their "exclusivity period" to formulate and propose a Chapter 11 Plan.

The personal property subject to this Motion **is** the Debtors' primary vehicle and **is** necessary for the Debtor's reorganization. This Motion was filed on April 7, 2011, **1 month after** the case was converted to a Chapter 11 and approximately **2 months** before the expiration of Debtors' "exclusivity period" to propose a Chapter 11 Plan, in violation of the presumption that the subject property is necessary for an effective reorganization in Debtors' Chapter 11 Plan.

In their Motion, TMCC has indicated on page 3, Stay of their Motion that "3. Grounds for Relief from Stay: a. Pursuant to 11 U.S.C. §362(d)(1), cause exists to grant Movant the requested relief from stay as follows: (1) Movant's interest in the Property is not adequately protected. (a) Movant's interest in the collateral is not protected by an adequate equity cushion. (b) The fair market value of the property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline. (c) No proof of insurance re Movant;s collateral has been provided to Movant, despite borrower(s) obligation to insure the collateral under the terms of Movant's contract with Debtor(s). In addition, Movant has indicated on page 4, paragraph b, "Pursuant to 11 U.S.C. §362(d)(2)(1) Debtor has no equity in the property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization." The Movant has not provided any evidence that the fair market value is **declining** on the 2010 Lexus LX570.

///

///

**OPPOSITION TO TOYOTA MOTOR CREDIT CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTORS**

- 6 -

The Movant has indicated on Page 8, paragraph 11 in their Motion that the value of the vehicle is $77,800.00, and Debtors do not dispute this as the value of the 2010 Lexus LX570.

The Movant is **incorrect** to state that the Debtors have not provided proof of insurance re their collateral. The Debtors have already provided Movant with sufficient and current insurance on the 2010 Lexus LX570, and attached hereto as Exhibit A is the current insurance policy showing that the 2010 Lexus LX570 is currently insured.

The Movant's secured claim will be provided for in Debtors' Chapter 11 Plan, when the Debtors are in a position to formulate and propose their Chapter 11 Plan. The Debtors intend to provide the amount of the value pursuant to 11 U.S.C. Section 506(a) to secured creditor in their Chapter 11 Plan.

Whereas, the personal property **is** an integral part of Debtors' Chapter 11 reorganization efforts, as this **is** the Debtors' primary vehicle and therefore this Motion should be denied as "premature" and "moot".

## V.

### THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 SHOULD BE DENIED BECAUSE THE DEBTORS WILL BE PROVIDING "ADEQUATE PROTECTION" UNDER 11 U.S.C. §361 TO THE MOVING PARTY

Section 361 does not define "adequate protection" rather, section 361 specifies non-exclusive methods of providing adequate protection. Two methods of adequate protection specified in §361 are an equity cushion in the property or periodic payments to the secured creditor equal to the decrease in value of the creditor's interest in the collateral.

The U.S. Supreme Court has resolved this issue in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, (1988) 484 U.S. 365 S.Ct. 626 ("*Timbers*") finding that the property interest that a debtor must adequately protect pursuant to Section 361(a) and (2) of the Bankruptcy Code is **only** the value of the lien that secures the creditor's claim. 108 S.Ct. at 63. See also *In re Mellor*, (9th Cir.1984) 734 F.2d 1396, 1400; *In re O'Connor* (10th Cir. 1987) 808 F.2d 1393, 1398; *In re McCombs Properties VI, Ltd.*, (Bankr. C.D. Cal. 1988) 88 B.R. 261 ("*McCombs*"). Section 506(a) "limit[s] the secured status of a creditor (i.e., the secured

creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the collateral." *McCombs, Id.*, at 266.

Here, it is undisputed that the value of the 2010 Lexus LX570 is valued at $77,800.00 and the balance owing to secured creditor is $78,119.44. The Debtors can provide adequate protection payments to the secured creditor, commencing with the post-petition monthly payment for April, 2011 in the amount of $1,547.10. Debtors will execute an Adequate Protection Order for the April, 2011 payment in the amount of $1,547.10 and continuing monthly payments thereafter until the Debtors' Chapter 11 Plan is confirmed by the Court.

## VI.

## THE MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 SHOULD BE DENIED BECAUSE THE MOVING PARTY HAS NOT MET ITS BURDEN OF PROOF UNDER 11 U.S.C. §362(g) FOR RELIEF TO BE GRANTED

Under section 362(d)(2)a secured creditor can obtain relief from the automatic stay **if**:

(A) the debtor does not have any equity in the encumbered property, **AND**

(B) the encumbered property **is not** necessary to an effective reorganization.

A secured creditor **cannot** obtain relief from the automatic stay under section 362(d)(2) merely by alleging no equity for purposes of section 362(d)(2)(A). Note the conjunction "**AND**" requiring the test of section 362(d)(2)(A) and section 362(d)(2)(B). A secured creditor relying on section 362(d)(2) then **must satisfy both** (A) and (B) for purposes of 362(d)(2) for the Motion for Relief from the Automatic Stay to be granted.

The language of paragraph (B) of section 362(d)(2) sets out two separate standards, that provides two different opportunities for a creditor. The first possible creditor section 362(d)(2)(B) argument is that the encumbered property is not "necessary for an effective reorganization". Do the Debtors need the personal property so that they can make their Chapter 11 plan payments? The answer is "yes".

Even if the property is necessary for the Debtors' Chapter 11 reorganization efforts, the phrase "effective reorganization" in Section 362(d)(2)(B) enables a creditor to invoke section 362(d)(2)(B) to question whether the Debtors **can** reorganize.

In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.* 484 U.S. 365, 109 S.Ct. 626 (1988), the Court stated that this should be a meaningful test. "What this requires is **not** merely a showing that if there is conceivably to be an effective reorganization, the property **will** be needed for it, but that the property **is** essential for an effective reorganization *that is in prospect*."

Section 362(g) allocates the burden of proof on the party **requesting** the relief on these issues. The burden of proof is **less** on the Debtors in this case, because this Motion was filed within the Debtors' exclusivity period. Congress has recognized, in granting the Debtors the exclusive right to file a plan that it may take the full 120 days to formulate a reorganization plan that will succeed. *11 U.S.C. Section 1121(b)*.

## VII.

## CONCLUSION

Whereas the Moving Party has failed to show "cause" for relief from the automatic stay under 11 U.S.C. §362(d)(1) to be granted, in that Movant Toyota Motor Credit Corporation in their Motion have failed to provide that the property **is not** necessary for the Debtors' reorganization in their Chapter 11 case and the Debtors are still **within** their "exclusivity period" to formulate and propose a Chapter 11 Plan.

The personal property **is** an integral part to Debtors' Chapter 11 reorganization efforts and therefore this Motion should be denied as "premature" and "moot" for these reasons.

In sum, by their Motion, Toyota Motor Credit Corporation has fallen short of its burden to establish cause and therefore their Motion for Relief from the Automatic Stay under 11 U.S.C. §362 should be denied by the Court.

Respectfully submitted.

Dated: April 19, 2011                    **GLOBAL CAPITAL LAW, PC**

_/s/ Gary Harre _____
Gary Harre, Esq.
Diane J. Beall, Esq.
Attorneys for Debtors and Debtors-in-Possession

## **DECLARATION OF THUAN X. NGUYEN, TAMMY H. NGUYEN**

We, Thuan X. Nguyen, Tammy H. Nguyen, declare as follows:

1. We are the Debtors in the above-referenced Chapter 11 case and the following facts are within our personal knowledge and if we are called upon to testify, we could and would do so competently thereto.

2. We submit this Declaration in Support of our Opposition to Motion for Relief from the Automatic Stay under 11 U.S.C. §362 by Movant Toyota Motor Credit Corporation, now pending before the Court.

3. We originally filed this case as a Chapter 7 on August 23, 2010 and it was converted to a Chapter 11 case on March 2, 2011.

4. We own two (2) real properties and own two (2) vehicles. A 1992 Ford Explorer, and a 2010 Lexus LX570, who the secured creditor is Toyota Motor Credit Corporation ("TMCC"), the Movant in this action.

5. The Movants filed the Motion for Relief from the Automatic Stay against our 2010 Lexus LX570 and state that the principal balance is $78,119.44 and the value of the vehicle is $77,800.00. We do not dispute these amounts. This personal property **is our** primary vehicle and **is** an integral part of our Chapter 11 reorganization.

6. This Motion was filed on April 7, 2011, **1 month after** the case was converted to a Chapter 11 and approximately **2 months** before the expiration of our "exclusivity period" to formulate and propose a Chapter 11 Plan, in violation of the presumption that the subject property is necessary for an effective reorganization in our Chapter 11 Plan.

7. It is undisputed that the value of the 2010 Lexus LX570 is valued at $77,800.00 and the balance owing to secured creditor is $78,119.44. We can provide adequate protection payments to the secured creditor, commencing with the post-petition monthly payment for April, 2011 in the amount of $1,547.10.

8. We will execute an Adequate Protection Order for the April, 2011 payment in the amount of $1,547.10 and continuing monthly payments thereafter until our Chapter 11 Plan is confirmed by the Court.

9. In this case, the Court should deny the Movant's Motion for Relief from the Automatic Stay because their secured claim will be provided for in our Chapter 11 Plan, when we are in a position to formulate and propose our Chapter 11 Plan, and therefore this Motion is "premature" and "moot" and should be denied.

10. Whereas, the personal property **is** an integral part of our Chapter 11 reorganization efforts, as this is **our** primary vehicle and the Movant **has not** met their burden of proof in this matter, therefore this Motion should be denied.

We declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on this 19th day of April, 2011, at Costa Mesa, CA.

    __/s/  Thuan X. Nguyen _____
    Thuan X. Nguyen, Declarant


    __/s/  Tammy H. Nguyen _____
    Tammy H. Nguyen, Declarant

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  8700 Warner Avenue, Suite 200, Fountain Valley, CA 92807

A true and correct copy of the foregoing document described as **Opposition to Toyota Motor Credit Corporation's Motion for Relief from the Automatic Stay; Memorandum of Points and Authorities; Declaration of Debtors in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 20, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Frank Cadigan frank.cadigan@usdoj.gov
- Thomas M Geher tmg@jmbm.com
- Gerald S Kim cdcaecf@bdfgroup.com
- Randall P Mroczynski randym@cookseylaw.com
- Marisol A Nagata cdcaecf@bdfgroup.com
- Ramesh Singh claims@recoverycorp.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Darlene C Vigil cdcaecf@bdfgroup.com
- Catherine T Vinh ecfcacb@piteduncan.com
- Joshua del Castillo jdelcastillo@allenmatkins.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 20, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robert Kwan
411 W. Fourth Street, Suite 5165
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 20, 2011 | Delores Jackson | /s/ Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**OPPOSITION TO TOYOTA MOTOR CREDIT CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTORS**
- 12 -